MARY GREENWALT V. N. E. KELLER *et ux.*

No. 15,009　(90 Pac. 233.)

### SYLLABUS BY THE COURT.

WILLS—*Estate Demised.* A will contained the following clause: "First, I wish my wife, Eliza Bunt, to have all my property of every kind that I may own at my death, to have for her own use and benefit while she may live. And at her death all property that may be left by her"—then follows a disposition thereof. *Held*, that the widow took a life-estate, with power of disposal in fee.

Error from Smith district court; RICHARD M. PICK-LER, judge. Opinion filed April 6, 1907. Reversed.

### STATEMENT.

WILLIAM BUNT at the time of his death was the owner of the real estate in controversy. He left a widow, Eliza Bunt, and a daughter, Mary Greenwalt, and other heirs. His last will and testament reads:

"Be it known that I, William Bunt, have this 4th day of June, 1895, made this, my last will, as follows:

"*First.* I wish my wife, Eliza Bunt, to have all my property of every kind that I may own at my death, to have for her own use and benefit while she may live. And at her death all property that may be left by her, first I want Mary Greenwalt or her heirs to have what I owe her.

"*Second.* To John Bunt's heirs by his first wife and Susan Sleeper and Joseph Bunt, and Henry Bunt and Mary Stinson and Mandy Hays, my children, to be divided to each one as to their amount that they may due for my wife while she lives.

"Given under my hand, this 4th day of June, 1895."

After the death of her husband the widow lived with, and was supported by, her daughter, Mary Greenwalt.

Immediately after the testator's death Eliza Bunt took possession of the property in controversy, and about three years afterward she conveyed it by warranty deed to Mary Greenwalt. The debt due from the estate of William Bunt to Mary Greenwalt, mentioned in the will, was $300. After Eliza Bunt made the conveyance referred to Mary Greenwalt went into, and has ever since held, possession of the property. N. E. Keller and wife claim to own an interest in the premises, and have removed improvements therefrom. Eliza Bunt died about three years after she made the conveyance to Mary Greenwalt.

*Webb McNall,* for plaintiff in error.

*L. C. Uhl & Son,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: A suit to quiet title to the real estate in controversy was commenced by Mary Greenwalt in the district court of Smith county against N. E. Keller and wife. The defendants demurred to the petition, and the court sustained the demurrer. Judgment was entered for costs against the plaintiff, who brings the case here for review. The sole question decided by the trial court, and the only one presented here, is, What estate did Eliza Bunt take under the will of her husband, William Bunt—a life-estate merely, or a life-estate with the power of disposition? If she had the power to convey the fee in the real estate during her life, then the plaintiff has full title to the property and is entitled to the decree prayed for. If the widow took a life-estate merely, then, she having died before the commencement of this suit, the lands revert to the heirs of William Bunt, as provided by the will.

It is apparent from the will itself that the testator was unable to express his wishes in clear and accurate

language. His intent, however, is easily ascertained by considering the instrument as a whole. Perhaps the clearest statement in the will is the one which determines this controversy. He said: "I wish my wife, Eliza Bunt, to have all my property of every kind that I may own at my death, to have for her own use and benefit while she may live. And at her death *all property that may be left by her*," etc. By the use of the last clause of the last sentence the power of disposal in fee is added to that which would otherwise constitute a life-estate only. The only property which he intended his heirs to receive was whatever might be left by the mother at her death. This clearly indicates that he intended her to use and permanently dispose of a part of the estate so that it would not be in existence at the time of her death for the benefit of the heirs. We think this amounts to a life-estate with power to convey in fee. Language of like import received the same construction in *Williams v. McKinney*, 34 Kan. 514, 9 Pac. 265, and *Ernst v. Foster*, 58 Kan. 438, 49 Pac. 527.

The judgment of the district court is reversed, with instructions to overrule the demurrer and proceed with the case in accordance with the views herein expressed.