### LUCAS v. McNEILL.

(Circuit Court of Appeals, Eighth Circuit. February 24, 1916.)

No. 159.

1. COURTS ⊂⊃365—RULES OF DECISION—STATE DECISIONS—CONSTRUCTION OF WILL.

In construing a will affecting title to real estate in Kansas, the federal court is controlled by the construction placed on similar provisions by the Supreme Court of that state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 807; Dec. Dig. ⊂⊃365.]

2. WILLS ⊂⊃440—CONSTRUCTION—INTENT OF TESTATOR—TECHNICAL RULES.

In construing a will, the testator's intention, gathered from the entire will, controls as against technical rules, the application of which would defeat such intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 956; Dec. Dig. ⊂⊃ 440.]

3. WILLS ⊂⊃616(8)—CONSTRUCTION—ESTATES CREATED—POWER OF DISPOSITION.

Under the laws of Kansas as construed by its Supreme Court, a will which gives the first taker the absolute right to dispose of the property enables him to deprive the remaindermen of their interest.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1426; Dec. Dig. ⊂⊃616(8).]

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. WILLS ⬤☞616(8)—CONSTRUCTION—ESTATES CREATED—POWER OF DISPOSITION.**

A will which devised testator's real and personal property to his wife and her assigns, to hold during her life on condition that she remain a widow, and directed that on her decease the remaining real and personal property should be equally divided among the children, gave the wife an absolute power of disposition, so that the remainder did not vest in the children; and one of them, who became a bankrupt during the lifetime and widowhood of his mother, had no interest in the real estate which could pass to his trustee.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1426; Dec. Dig. ⬤☞ 616(8).]

**5. WILLS ⬤☞616(1)—CONSTRUCTION—INTENT OF TESTATOR—POWER OF DISPOSAL.**

Since there is nothing in the will to indicate that the testator intended to differentiate the real and personal property, the courts cannot limit the power of disposal to the personalty.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1418, 1428–1430; Dec. Dig. ⬤☞616(1).]

Petition to Revise Order of the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

In the matter of William H. Lucas, bankrupt. Petition by the bankrupt against Maurice McNeill, trustee, to revise an order of the District Judge affirming the conclusion of the referee that the bankrupt was the owner of a vested remainder in certain real estate devised by his father's will. Order vacated, with directions.

This is a petition to revise an order in bankruptcy. The facts, as they appear from the record, are that the petitioner was adjudicated a bankrupt; that the trustee, who had been duly elected and qualified, filed a petition with the referee in bankruptcy, to whom the cause had been referred, in which he claimed that the bankrupt owned an interest in certain real estate, which had not been included in the schedules, filed by him in the bankruptcy proceeding. After notice to the bankrupt a hearing was had, and the referee found that, under the will of the father of the bankrupt, he had a vested remainder in certain realty. The part of the will which the referee found devised to the bankrupt a vested remainder in the real estate is as follows: "I devise and bequeath unto my wife Elizabeth M. Lucas all my property both real and personal to have and to hold the same with all the appurtenances thereunto belonging, to have and to hold the same unto the said Elizabeth M. Lucas and her assigns, and to have and to hold the same during her life conditionally she remain a widow for her sole use and benefit upon her decease. I direct that all of my property remaining both real and personal be equally divided with my children hereinafter named (naming his five children, among them the bankrupt) and I further give and bequeath one dollar to each of the children (naming them)."

The referee also found that Elizabeth M. Lucas, widow of the deceased father of the bankrupt, "at once entered into possession of all of the property of the testator; she exercised ownership and control over it ever since * * * and has transferred and conveyed a part of the real estate and a part of the personal property to other persons"; that she has not remarried and is still living. Upon these facts he reached the conclusion that "the bankrupt is the owner of a vested remainder in the real estate mentioned in said supplemental report, by virtue of the will of his late father, Benjamin F. Lucas."

Upon a petition for review the learned District Judge affirmed the findings and conclusions of the referee, and this petition to revise was instituted by the bankrupt to reverse the order of the court.

Edward E. Sapp, of Galena, Kan., and A. M. Keene and W. W.
Padgett, both of Ft. Scott, Kan., for petitioner.

C. A. McNeill, of Columbus, Kan., and J. W. Iden and E. L. Burton,
both of Parsons, Kan., for respondent.

Before SANBORN and CARLAND, Circuit Judges, and TRIE-
BER, District Judge.

TRIEBER, District Judge (after stating the facts as above). The
only question involved is whether the bankrupt has a vested remainder
under the will of his father in the lands of which his father died seised.
On behalf of the petitioner it is claimed that as the devise is to the
mother, who is still living and unmarried, "and assigns," and devises
to his children only the property "remaining," she has an absolute fee,
and the children only a contingent remainder, dependent upon the
widow remarrying or dying seised of the property devised to her, and
unless that happens he has no interest in the lands which could pass
to his trustee in bankruptcy.

[1, 2] The authorities construing such provisions in a will are not
harmonious; but, as this will affects the title to real estate in the state
of Kansas, the construction placed upon similar provisions in wills, by
the Supreme Court of that state must control. A well-established rule
of that court is that in construing a will the testator's intention, gath-
ered by the consideration of the entire will, controls. Technical rules,
it is held, ought never to be resorted to, where the application defeats
the manifest intention of the testator. Williams v. McKinney, 34
Kan. 514, 518, 9 Pac. 265; Ernst v. Foster, 58 Kan. 438, 443, 49 Pac.
527; Holt v. Wilson, 82 Kan. 271, 108 Pac. 87; Bullock v. Wiltberger,
92 Kan. 904, 142 Pac. 950.

Counsel for the petitioner claim that the will gives the mother ab-
solute power to sell, as the devise is to her "and assigns," and devises
to his children only the property remaining at her death or upon her
remarriage undisposed of by her, therefore she owns the land in fee
simple, or at least she has absolute power to sell it during her lifetime
and as long as she remains unmarried, and as she is living the peti-
tioner has no interest in the lands, except a contingent or expectant re-
mainder, which may never become vested. The devise set out in the
statement of facts is copied literally, and shows that the punctuation
is not accurate, but the intention of the testator is clearly shown.

[3] Under the laws of Kansas, as construed by the Supreme Court
of that state, it is claimed a provision in a will which gives the first
taker under it an absolute right to dispose of the property enables him
to deprive the remaindermen of their interest. In our opinion this con-
tention is sustained by the uniform decisions of the Supreme Court of
Kansas. In Ernst v. Foster, supra, a devise of property to E., "to
have and to use and dispose of during her natural life, and after her
death to be divided equally among my three youngest heirs," was held
to confer a life estate with power of disposition on E., and leave but a
contingent remainder to the heirs.

In McNutt v. McCombs, 61 Kan. 25, 58 Pac. 965, the will provided
that, after the wife died, what remained of the estate should go to his

children, and it was held that the will granted the widow a power of disposition, and her conveyance passed a title in fee.

In Greenwalt v. Keller, 75 Kan. 578, 90 Pac. 233, the will read:

"I wish my wife * * * to have all my property of every kind that I may own at my death, to have for her own use and benefit while she may live. And at her death all property that may be left by her [is to pass to certain devisees named]."

In construing this clause of the will the court said:

"By the use of the last clause of the last sentence the power of disposal in fee is added to that which would otherwise constitute a life estate only. The only property which he intended his heirs to receive was whatever might be left by the mother at her death. This clearly indicates that he intended her to use and permanently dispose of a part of the estate so that it would not be in existence at the time of her death for the benefit of the heirs. We think this amounts to a life estate with power to convey in fee."

In Bullock v. Wiltberger, supra, the provisions in the will were: The second paragraph of the will devised a life estate to the widow. The next paragraphs read:

"Third. After the death of my said wife, it is my will that all of my property, both personal and real, * * * shall be divided equally among my four children.

"Fourth. If any of my said children shall die before my wife, * * * then it is my will, that the share which would go to my deceased child or children if living, shall be divided among his or her children in equal parts; and if any of said children shall die without issue, prior to the death of my said wife, then it is my will that his or her share, shall be divided equally among my children then living, or if any of them be dead, then, his or her share, equally among their children."

In construing this will the court held that the manifest intention of the testator was that his estate should be kept intact until the death of his wife, and was then to be divided among his children and the heirs of such as might be deceased; that each of the four had contingent remainders, the contingency being that they survive the testator's wife, and failing in this, as to any one or more of them, the remainder vest in his or their representatives by purchase. To the same effect is Holt v. Wilson, supra.

For a remainder to be vested, it is necessary that throughout its existence it stands ready to take effect in possession, whenever and however the preceding estate determines. It is contingent when it is limited on an event which may happen before or after, or at the time or after the determination of the particular estate. Ætna Life Ins. Co. v. Hoppin, 214 Fed. 928, 131 C. C. A. 224, and authorities there cited.

[4, 5] In the case at bar, petitioner's estate was only such as may remain undisposed of at the remarriage or death of the widow, and as she has never remarried and is still living the most that can be claimed is that the petitioner's estate is one of expectancy. Pearsall v. Great Northern Ry. Co., 161 U. S. 646, 673, 16 Sup. Ct. 705, 40 L. Ed. 838. The words "and her assigns" in the first clause, and the word "remaining" in the second clause, indicate clearly that the testator intended to give the widow the power of disposal. As there is nothing in the will to indicate that the testator intended to differentiate the

personal and real estate of which he died seised, the will bequeathing and devising both to the widow, the courts are powerless to impose such a restriction on the real estate, and limit the power of disposal to the personalty.

The District Court erred in holding that the petitioner had a vested interest in the realty, and its order against the petitioner is vacated and set aside, with directions to enter an order or decree in accordance with the views expressed in this opinion.