## 9668

### FORREST v. JENNINGS.

#### (92 S. E. 189.)

1. WILLS—CONSTRUCTION—RIGHTS OF CREDITORS OF DEVISEE.—Where one clause of the will devised to the husband of testatrix all her property for his use and benefit forever without any limitation or restrictions, and a subsequent clause provided that, in the event her husband died seised and possessed of property received from her estate without having made provisions as to who should receive it, it should go to the nephew of testatrix, the clauses were consistent and gave

the husband the use and enjoyment of the property with power to sell during his life, but gave property not sold during his life to the nephew, and property not sold by the husband was not, after his death, subject to his debts.

2. WILLS—CONSTRUCTION—RIGHTS OF CREDITOR OF DEVISEES—SALE BY DEVISEE.—The proceeds of property sold by the husband during his lifetime became his absolute property, and after his death were liable for his debts.

Before SEASE, J., Saluda, December, 1915.    Reversed.

Action by B. Frank Forrest, as administrator of the estate of W. L. Parkman, deceased, against John D. Jennings, in his own right and as administrator with the will annexed *de bonis non* of the estate of Rosanna Parkman, deceased. Decree for plaintiff, and defendant appeals.

*Mr. C. J. Ramage,* for appellant, cites: *As use of technical terms by testator:* 6 Rich. Eq. 26; 1 Rich. Eq. 396; 44 Am. Dec. 229. *Effect to entire will:* 3 Strob. Eq. 211. *Inconsistent bequests:* 1 Hill Ch. 360; 27 Am. Dec. 422. *Last declaration prevails:* 21 Am. Dec. 21; Gardner Wills 374; 159 Mass. 252; 34 N. E. 266.; 73 Iowa 564; 35 N. W. 676. *Intention governs:* 2 McC. Ch. 260. *Entire will:* 2 Jarman Wills 49; 1 DeS. Eq. 237; 48 Am. Dec. 766; Grammatical Construction, 3 Jarman Wills 707; Black Interpretation of Laws 141. *Power to be exercised during life of donee:* 22 A. & E. Enc. of L. (2d ed.), 1132; 57 Hun. (N. Y.) 386. *Naked powers:* 8 Wheaton 174. *Life estate:* 5 L. R. A. (N. S.) 281; 130 Iowa 611. *With power of disposal:* 6 L. R. A. (N. S.) 1186, 1193, 1194; 128 Iowa 746; 1 L. R. A. (N. S.) 782; 102 Md. 131; 14 Am. St. Rep. 130; 86 Va. 876; 19 Am. St. Rep. 919; 25 Am. St. Rep. 614; 38 Am. St. Rep. 857. *Subsequent words in will reduces first gift:* Douglas 306, 309, 253; Grimke Exors. 107, 109; 124 Ind. 27; 169 Ill. 365; 61 Am. St. Rep. 183; 67 Conn. 390; 52 Am. St. Rep. 285; 141 Mo. 55; 25 Am. St. Rep. 614; 153

Mass. 126; 38 Am. St. Rep. 857; 158 Pa. 651; 40 Cyc. 1587, 1417.

*Messrs. B. W. Crouch* and *E. W. Able,* for respondent, submit: *The devise over to Jennings was void as inconsistent with fee given Parkman:* 40 Cyc. 1587; 16 Cyc. 649; 4 Strob. Eq. 37; 2 Bailey 231; 2 Hill Eq. 244.

April 11, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action against the estate of Rosanna Parkman by creditors of the estate of W. L. Parkman. Mrs. Parkman left her will in due form, and the will is in the following words, which raise the questions to be determined by the Court:

"Second. I will, devise and bequeath unto my beloved husband, W. L. Parkman, all my property, real and personal and mixed, that I may own at the time of my death, wherever the same may be situate, for his use, behoof and benefit forever, without any limitation or restrictions of any kind whatever.

"Third. In the event that my said husband, W. L. Parkman, shall die seised and possessed of property received from my estate without having made provisions as to who shall receive the same or leaving no specific directions as to what shall be done therewith, I will and devise and bequeath the same unto my nephew, Tom Brown Jennings."

The case was tried before Judge Sease on the agreed facts, and the question was:

"Did the will of Mrs. Parkman cover the debts contracted by her husband?"

Judge Sease found that the will covered the debts contracted by the husband, Parkman. From this decree of his Honor the appellant appeals, and alleges error and asks

reversal. The appeal raises the sole question: Was his Honor in error in so holding? We think his Honor was in error.

The second and third clauses of the will are consistent. Under the will he could use and enjoy it or sell it. Under the will he was given the use of the property with power to dispose of it during his life. Failure to sell or dispose of it while he was alive and exercise the power to do so during his life could not defeat the provisions of the will as to where it would go after his death. Then the property went under the terms of the will to the party named therein, and is in no way liable for the debts contracted by the husband in his lifetime. His failure to use the power conferred upon him by the will during his lifetime cannot be extended to pay his debts out of the estate after his death.

The record shows, however, that W. L. Parkman sold some of the real estate in his lifetime, and that the proceeds of the sale are in the hands of defendant. Upon the sale the proceeds became the property of W. L. Parkman and belonged to his estate. Therefore, the defendant must account to his administrator therefor.

Judgment reversed, and case remanded for further proceedings not inconsistent with the views herein announced.

MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY, *dissenting.* This appeal involves the construction of the following will (omitting the first clause, which merely provides for the payment of debts) :

"Second. I will, devise and bequeath unto my beloved husband, W. L. Parkman, all and every property, real and personal and mixed, that I may own at the time of my death, wherever the same may be situate, for his use, behoof and

benefit, forever, without any limitation or restrictions of any kind whatever.

"Third. In the event that my said husband, W. L. Parkman, shall die seised and possessed of property received from my estate *without having made provision as to who shall receive the same or leaving no specific directions as to what shall be done therewith,* I will and devise and bequeath the same unto my nephew, Tom Brown Jennings."

The case was heard upon the following agreed statement of facts:

"It is admitted that the claims set out in the complaint are *bona fide* claims against the estate of W. L. Parkman, deceased, contracted while he was in possession of such property under said will, and that John Jennings, administrator of Rosanna Parkman, received into his hands $—— that had been in the possession of W. L. Parkman, but which money had been derived from the sale of certain real estate of the said Rosanna Parkman, under the power of sale given in her said will to said W. L. Parkman. The question is: Are debts of said W. L. Parkman contracted by him after he came into possession of the property under the will of Rosanna Parkman, and while in possession of such property under said will, charges now against his estate?"

His Honor, the Circuit Judge, ruled that:

"Debts and administration expenses of W. L. Parkman, deceased, must first be paid out of the property, of which said W. L. Parkman was seized at the time of his death, and any remainder after this to go to Tom Brown Jennings." And the defendant appealed.

The words we have italicized show the testatrix intended that the property should go to Tom Brown Jennings, upon the condition that Parkman failed to dispose thereof by deed, will, or otherwise. Parkman failed to comply with the condition; and Tom Brown Jennings is entitled to the property thus undisposed of, unless the condition upon which

it was to go to him was void, on the ground that it was repugnant to the devise to Parkman.

The rule as to conditions subsequent is thus stated in 2 Blackstone's Com. *156, *157:

"These express conditions, if they be * * * repugnant to the nature of the estate, are void.   In any of which cases, if they be conditions subsequent, that is, to be performed after the estate is vested, the estate shall become absolute in the tenant.   As if a feoffment be made to a man in a fee simple, on condition that, unless he aliens in fee, then and in any such cases the estate shall be vacated and determined; here the condition is void, and the estate made absolute in the feoffee.   For he hath by the grant the estate vested in him, which shall not be defeated afterwards, by a condition either impossible, illegal, or repugnant."

In Sheppard's Touchstone, *130, it is stated that a repugnant condition is void because it takes away one of the incidents of ownership.

In the case of *Moore* v. *Sanders,* 15 S. C. 440, 40 Am. Rep. 703, the Court had under consideration the question whether the condition in the following will was void, on the ground that it was repugnant to the estate therein devised to her son:

"I give and bequeath my whole estate, both real and personal, all that I now possess or may hereafter become possessed of, to my beloved son, Matthew S. Moore.   Learning that the law takes cognizance of the intention, even when illegally expressed, I desire to express my wish as strongly and emphatically as I can do so by will, that my beloved son, Matthew S. Moore, shall inherit, possess and own, in fee simple, all my worldly goods, to dispose of as he may think fit.   But should he die without leaving a will, then the whole to go to my grandchildren, share and share alike."

The Court, after stating the well recognized rule that conditions subsequent are void, if they are repugnant to the

estate given or devised, thus applied that principle to the case then under consideration.

"Now, test this clause of Mrs. Elliott's will by this principle. It is conceded that an estate in fee was devised in the first instance by Mrs. Elliott to her son. The power of alienation belongs to a fee; in fact, it is the very essence of a fee. Is the condition which the latter portion of the clause attempts to attach to the devise inconsistent with and repugnant to this devise? The performance of the condition would require Moore to die in possession of the real estate devised to him. In no other way could he leave a will disposing of it.

"The condition, then, is a direct and positive restriction upon his powers of alienation. The will invests him with a fee, but the condition strikes at the very substance of this fee, and if valid would take away and destroy its most important and essential quality—the power of sale. A fee may be defeated by a condition which is independent of the estate granted upon the happening of which the estate is lost; but a condition the effect of which is to cut down a fee to a less estate is void because repugnant to the fee. Such is the character of the condition in this case, and according to the authorities cited is void."

Paraphrasing the language of the Court as to the disposition of the property by will so as to prevent the condition from defeating the estate, it would read as follows:

"The performance of the condition would require Parkman to die in possession of the real and personal estate devised and bequeathed to him. In no other way could he leave a will disposing of it."

The requirement that the property should be disposed of in any other manner so as to prevent the condition from defeating the devise is even a greater limitation upon the power of alienation than a disposition by will; as in the latter case the devisee would at least have the right to remain in possession during his lifetime, and would not be compelled to sell at a

time be deemed inopportune, so as to prevent the condition from attaching.

Mr. Justice Hydrick reviews the cases on the subject of conditions in *Smith* v. *Clinkscales,* 102 S. C. 227, 85 S. E. 1064, and uses this language in regard to the case we have been discussing:

"*Moore* v. *Sanders,* 15 S. C. 440 (40 Am. Rep. 703), was also a devise of a fee simple absolute—'to dispose of as he may think fit,' but, if he should die without leaving a will, over. The limitation over was held to depend upon a condition subsequent, which was void, because repugnant to the estate devised. It was like the devise in *McAllister* v. *Tate,* 45 S. C. L. (11 Rich. Law), 509 (73 Am. Dec. 119), which was 'in fee simple for life.'"

These authorities are conclusive of the question under consideration.

I, therefore, think the judgment should be affirmed.