JOSEPH T. HENDERSON

*v.*

JOSEPH M. McGOWAN, executor of the estate of Laura Ellen Ash, deceased.

[Submitted May 10th, 1920.   Decided May 13th, 1920.]

1. Where lands are devised in the first instance in language indeterminate as to the quantity of the estate from which an estate for life would result by implication, and words adapted to the creation of a power of disposal without restriction as to the mode of execution are added, the construction will be that an estate in fee is given; but where the quantity of the estate of the taker is expressly defined for life, the superadded words will be construed as a mere gift of a power of disposition.

2. *Downey* v. *Borden, 88 N. J. Law 460,* approved and followed.

3. The language of the will under consideration, *held* to constitute a devise in fee-simple.

---

On bill for injunction and relief.   On hearing at return of order to show cause.

*Mr. Albert W. Kauffmann,* with whom was associated *Mr. Albert R. McAllister,* for the complainant.

*Mr. Willis Tullis Porch,* with whom was associated *Mr. John Boyd Avis,* for the defendant.

LEAMING, V. C.

By his bill complainant seeks to restrain defendant, as executor of the estate of Laura Ellen Ash, from selling certain real and personal property the title to which complainant alleges passed to him and other heirs-at-law of George W. Henderson, deceased, under his will.

George W. Henderson died in 1906, leaving a will under which his widow Laura Ellen Henderson came into enjoyment of practically all of his real and personal estate. The widow married Louis P. Ash in 1909 and died in March, 1920, leaving a will in which after certain bequests she disposed of her entire estate to her great niece, and appointed defendant, McGowan, executor of her estate with power of sale.

The present bill is based upon a claim that the will of George W. Henderson gave to his widow only a life estate in his real and personal property and gave to his heirs-at-law the absolute title, subject only to the life estate of the widow. The property about to be sold is alleged to be property devised and bequeathed by Henderson to his widow.

The will of George W. Henderson under which complainant claims reads as follows:

"First: I direct all my just debts and my funeral expenses to be paid as soon as may be reasonable after my decease.

"Second: I give to my wife Laura E. Henderson all my furniture which I may own at the time of my death.

"Third: I give, bequeath and devise all my rest, residue and remainder of my estate, real, personal or mixed in whatever it may consist, or wherever situated, which shall belong to or be owned by me at the time of my death, to my said wife Laura E. Henderson; and it is my will and I do order that any of my estate devised as aforesaid, remaining in her possession at the time of her death, shall be inherited by my heirs at law.

"Fourth: I constitute and appoint my said wife Laura E. Henderson, sole executrix of this my last will and testament."

I am unable to reach the conclusion that restraint should be issued against the public sales which the executor of Mrs. Ash now proposes to make.

1. It is urged herein on behalf of complainant that a life estate only and not the fee of the real estate passed to the widow because of the absence of words of inheritance, since the provisions of the thirty-sixth section of our statute of wills (*4 Comp. Stat. p. 5873*) are inapplicable by reason of the reservations contained in that section, and *Hensler* v. *Senfert, 52 N. J. Eq. 754,* is relied on.

The aid of that section is wholly unnecessary in any case where the power of disposal is clearly conferred. By reason of the absence of words of inheritance in the first instance the language used is indeterminate as to quantity of the estate and from it an estate for life would result by implication unless enlarged by the subsequent power of disposal; but when so enlarged a fee is created. The accepted rule in such cases, as repeatedly recognized by our court of errors and appeals and elsewhere in this state, is phrased by Mr. Justice Depue in *Downey* v. *Borden, 36 N. J. Law 460, 466,* as follows: "The distinction is between a devise expressly for life with a power of disposition annexed, and a devise in general terms with such a power annexed. In the former case, an estate for life only passes, in the latter a fee. As a rule of construction, the principle is entirely settled, that where lands are devised in the first instance in language indeterminate as to the quantity of the estate from which an estate for life would result by implication, and words adapted to the creation of a power of disposal without restriction as to the mode of execution are added, the construction will be; that an estate in fee is given; but where the quantity of the estate of the taker is expressly defined to be for life, the superadded words will be construed to be the mere gift of a power of disposition." It necessarily follows that the primary inquiry in this case is whether the superadded language clearly implies a power of disposal; if it does a fee passed.

It seems to me impossible to doubt that testator gave to his widow the unrestrained right of disposal of his estate. Instances have arisen in which language somewhat similar, espe-

cially when taken in connection with the context, has been construed as referring to an estate in remainder and not to the remainder of the property which the devisee has not disposed of, or as referring to the remainder of personal property resulting from changes of investments; but in a clause relating to or including real estate a provision that any of it remaining in the devisee's possession at her death cannot be understood in either of the ways referred to. *Tooker* v. *Tooker, 71 N. J. Eq. 513,* relates to personal property and is in no way inconsistent with that view. The courts of this state have so frequently treated language of similar import as clearly disclosing a power of disposal that there seems little doubt touching the clause here in question. To the cases collected in *Bennett* v. *Association, &c., Home, 79 N. J. Eq. 76,* add *Downey* v. *Borden, supra; Brohm* v. *Berner (Court of Errors and Appeals), 77 Atl. Rep. 517; Brokaw* v. *Emens, 84 N. J. Eq. 389; Bunnell* v. *Beam, 86 N. J. Eq. 101; Hyde* v. *Hyde (Court of Errors and Appeals), 102 Atl. Rep. 830.*

2. The evidence discloses that the real estate to be sold was acquired by the widow after her husband's death and after her remarriage, and that none of the furniture to be sold came from the husband's estate. There is no definite evidence whether any money that came from the husband's estate was used in the acquisition of any of the property to be sold; but some evidence exists to the effect that the widow acquired resources after her husband's decease.

I will advise an order denying preliminary restraint.