**WATKINS et al. v. FRENCH.**

No. 21000.    Opinion Filed June 2, 1931.

R. E. Bowling, for plaintiffs in error.

Blanton, Osborn & Curtis, for defendant in error.

ANDREWS, J. The parties appear in this court in the same order in which they appeared in the trial court, and they will be hereinafter referred to as plaintiffs and defendant.

The plaintiffs brought an action in the district court of Garvin county against the defendant to quiet title to the real estate involved herein against the claim of the defendant.

The record shows that Robert Watkins and Fred Tinch, the son-in-law of Robert Watkins, operated a business under the trade name of Watkins & Company. The partnership owned certain real estate which it mortgaged to the Farmers Exchange Bank of Lindsay. Robert Watkins died and the business was continued by Fred Tinch under the name of Watkins Broom Corn Company. Robert Watkins left as his sole heirs at law his wife, Rebecca Watkins, and his children, Charley Watkins, Inez Tinch, Grace Lauderdale, Jesse Watkins, and George Watkins. He left a will, which was admitted to probate, and Rebecca Watkins qualified as executrix. As such executrix she took charge of the property of Robert Watkins, which consisted of a homestead and the real estate in controversy here. The property covered by the mortgage to the Farmers Exchange Bank of Lindsay is not involved herein. George Watkins died and any interest he had in the property involved in this action passed by inheritance to the plaintiffs. The indebtedness to the Farmers Exchange Bank of Lindsay was not paid, and Rebecca Watkins, after the death of Robert Watkins, renewed the same by renewal note. The Farmers Exchange Bank of Lindsay recovered a judgment on the renewal note. Thereafter that bank became insolvent and was taken over by the State Bank Commissioner. The real estate covered by the mortgage was sold at sheriff's sale. It did not bring sufficient to satisfy the judgment, and a general execution for the deficiency was issued and levied upon the property herein involved. That property was sold to the defendant herein under an order of sale on execution and, over the objections of Rebecca Watkins, the sale was confirmed. Before a sheriff's deed was issued to the defendant herein for the property, Rebecca Watkins died. Thereafter an administrator of her estate was appointed and the administrator took charge of the property sold to the defendant; the defendant paid the purchase price of $2,001 on the 2nd day of August, 1927; the sale was confirmed on the 14th day of August, 1927; Rebecca Watkins died on the 3rd day of July, 1928, and sheriff's deed was issued to the defendant on January 7, 1929. From the record it appears that the delay in the issuance of the sheriff's deed was due to an appeal by the plaintiffs herein, which appeal was never perfected. When the defendant obtained his sheriff's deed he filed an application for writ of assistance. F. A. Tinch objected thereto and, upon the overruling of his objections, he appealed to this court, and in an opinion of this court in Tinch v. State ex rel. Bank Commissioner, 148 Okla. 46, 297 Pac. 251, the action of the trial court was affirmed. The proceeding in this case was instituted on the 4th day of January, 1929.

The issue presented by this record is whether Rebecca Watkins took only a life estate in the property involved in this action under the terms of the will of her husband, Robert Watkins, or whether she took such an interest under that will as could be subjected to a sale under a general execution on a judgment rendered against her. The plaintiffs claim that Rebecca Watkins took only a life estate in the property involved in this action under the terms of the will and that their interest as remaindermen could not be subjected to her debts. If Rebecca Watkins took only such an interest, the plaintiffs must prevail, for the reason that that interest ceased with her death, which occurred prior to the judgment of the trial court in the instant case. The defendant claims that the interest acquired by Re-

becca Watkins under the provisions of the will was absolute and to the exclusion of the plaintiffs. The trial court so found.

The plaintiffs present the errors assigned under one proposition, which is as follows:

"The court erred in holding the power to sell given in the will was absolute and enlarged the estate into a fee subjecting the entire property to the general debts of the beneficiary."

A determination of that contention requires a construction of two provisions of the will, which are as follows:

"Second: I give and devise to my wife, Rebecca Watkins, all my property of every nature and kind whatsoever, both real and personal, with full power to sell and dispose of the same in any manner and on any terms that seems to her best, and with no restrictions, except as to such residue and remainder so owned or retained by her at the time of her death, shall pass by the other provisions of this will"

--and:

"Fourth: I give, devise, and bequeath to my children, Jesse J. Watkins, George Watkins, Charley Watkins, Inez Tinch, and Grace Lauderdale, in equal shares, such residue and remainder of my property and estate which may remain after the death of my wife, Rebecca Watkins, in case she survives me, but this provision of this will is in no wise to effect (sic) the right of my wife, Rebecca Watkins, to sell and use the same for her own support and maintenance, without interference or restrictions."

The applicable provisions of the statutes are sections 8522, 8523, 8524, and 8525, C. O. S. 1921, as follows:

"Where an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee, absolute in favor of creditors, purchasers, and incumbrancers, but subject to any future estate limited thereon, in case the power should not be executed, or the property should not be sold for the satisfaction of debts."

"Where an absolute power of disposition, not accompanied by any trust, is given to any person to whom no particular estate is limited, such person also takes a fee, subject to any future estate that may be limited thereon, but absolute in favor of creditors, purchasers, and incumbrancers."

"In all cases where an absolute power of disposition is given, not accompanied by any trust, and no remainder is limited on the estate of the holder of the power, he is entitled to an absolute fee."

"Where a general and beneficial power to devise the inheritance is given to the owner of an estate for life or for years, he is deemed to possess an absolute power of disposition, within the meaning of the last three sections."

An examination of the will discloses that Robert Watkins intended to give to Rebecca Watkins not only a life estate but the absolute power of disposition of the property. She was not only authorized "to sell and dispose of the same" for her own interest and maintenance, without interference or restriction, but she was given "full power to sell and dispose of the same in any manner and on any terms that seems to her best, and with no restrictions, except as to such residue and remainder as may be retained by her at the time of her death."

It is not necessary for us herein to determine the nature and full extent of the estate acquired by Rebecca Watkins under the terms of the will in question, and it is only necessary that we determine herein whether or not the estate acquired by her was such as to pass title to the land by sheriff's sale to the defendant.

Under the provisions of the will Rebecca Watkins had absolute power to sell and dispose of this property in any manner and on any terms that seemed to her to be for her best interest. She could contract indebtedness and she could sell the property and pay the indebtedness with the proceeds. When she had sold the property she could use the proceeds as extravagantly as she pleased, if, in her opinion, it was for her best interest and benefit. When that power is construed under the provisions of the statutes hereinabove quoted, we must hold that her creditors had a legal right to cause the property to be sold under general execution on a personal judgment against her. The Farmers Exchange Bank of Lindsay was such a judgment creditor. That judgment creditor, acting during her lifetime when and while she had the absolute power to sell the land, caused the same to be sold under general execution on its personal judgment against her, and that sale was confirmed during her lifetime and during the continuance of her right of alienation.

The fact that the sheriff's deed was not delivered to the defendant until after the death of Rebecca Watkins is immaterial, for the defendant took title to the land as of the date of confirmation of the sale, including the right to the rents from the date of the confirmation thereof. Payne v. Long-Bell Lumber Co., 9 Okla. 683, 60 Pac. 235; Harris v. Stevens, 84 Okla. 196, 202 Pac.

1024; Wagner v. Cohen, 6 Gill (Md.) 97, 46 Am. Dec. 660; Brasch v. Mumey, 99 Ark. 324, 138 S. W. 458.

In the case of Rutledge v. Crampton (Ala.) 43 So. 822, a statute almost identical with our section 8522, supra, was construed. We quote therefrom as follows:

"Under the common law, Mrs. Bell took the absolute estate. Bolman v. Lohman, 79 Ala. 63; Weathers v. Patterson, 30 Ala. 404; Flinn v. Davis, 18 Ala. 132; Alford's Adm'r v. Alford's Adm'r, 56 Ala. 350; Randall v. Shrader, 20 Ala. 338; Allen v. White, 16 Ala. 181. The cases of Flinn v. Davis, Allen v. White, and Randall v. Shrader, supra, were decided before the Code of 1852 went into operation, and in which appeared for the first time section 1325 (section 1046 of the Code of 1896), and which is as follows:

" 'When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee absolute, as to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case the power is not executed, or the lands sold for the satisfaction of debts, during the continuance of such particular estate.'

"Our court, speaking through Stone, J., in Alford's Case, 56 Ala. 352, in discussing the meaning and effect of the foregoing statute, said:

" 'Whatever doubts may have been entertained of the correct rulings of this court, heretofore made, on the question we are considering, those doubts are resolved by the statute copied above, so far as that statute extends. Where a life estate is created, and an absolute power of disposition conferred on the life tenant, this enlarges the life estate into a fee—not absolutely, but in favor, and only in favor, of the creditors of the purchasers from the life tenant. But, while the estate is thus enlarged in favor of creditors and purchasers, the same statute declares that, in case the power is not executed, nor the lands sold for the satisfaction of debts, during the continuance of the particular estate, the property remains subject to any future estate limited thereon. In this case it is not contended that the power was executed or the property sold. We think the statute quoted was, in part, intended to confirm our decision, so far as they affect creditors and purchasers, and also to protect the estates of those in remainder, in cases where there had been no sale or other execution of the power. Thus construed, the statute meets our hearty approbation; for it cannot be controverted that the principle on which our former decisions have been made to rest has never given satisfaction. The public mind, professional as well as nonprofessional, has all the while felt that the wish and will of testators have been thereby defeated, rather than carried out. This section of the Revised Code was adopted from the Revised Statutes of New York; and Chancellor Kent has put the same construction on it. 4 Kent's Com. Marg., p. 320.' "

The same court, in Head v. Lane, 65 So. 343, held:

"Under Code 1907, sec. 3423, providing that when an absolute power of disposition, not accompanied by any trust, is given the owner of a particular estate for life or years, such estate is changed into a fee simple as to the rights of creditors and purchasers, though subject to any future estates limited thereon, in case the power is not executed, or the lands sold for debts during such particular estate, a particular estate with an absolute power of disposition, as to any future estate limited thereon, is a particular estate only, but, as to creditors of and purchasers from the holder of the particular estate, it is held to be a fee simple; and hence only creditors of and purchasers from the life tenant can question the integrity of the future estates limited thereon."

To the same effect are Henderson v. McGowan (N. J.) 110 Atl. 517; National Surety Co. v. Jarrett (W. Va.) 121 S. E. 291; Plaggenborg v. Molendyk's Adm'r (Ky.) 219 S. W. 438; Steffey v. King (Va.) 101 S. E. 62. See, also, Luckey v. McCray (Iowa) 101 N. W. 516; Nichols v. Alexander (Ind. App.) 152 N. E. 863.

In the following cases such a power was held to constitute the title conveyed a fee-simple title: McNutt v. McComb (Kan.) 58 Pac. 965; Bilger v. Nunan, 186 Fed. 665; Head v. Lane, supra; Henderson v. McGowan, supra; National Surety Co. v. Jarrett, supra; Plaggenborg v. Molendyk's Adm'r, supra; Steffey v. King, supra; Luckey v. McCray, supra; Lucus v. McNeill, 231 Fed. 672; Herring v. Williams (N. C.) 69 S. E. 140.

In the following cases: Scott v. Gillespie (Kan.) 176 Pac. 132; Luscomb et al. v. Fintzelberg (Cal.) 123 Pac. 247; Forrest v. Jennings (S. C.) 92 S. E. 189; St. John v. Dann (Conn.) 34 Atl. 110; Adams v. Prather (Cal.) 167 Pac. 534—the court did not approve the fee-simple construction and yet held that the life estate conveyed by virtue of the power was enlarged to that extent that creditors might subject the same to their claims to the exclusion of the remaindermen.

In the case of McNutt v. McComb (Kan.) 58 Pac. 965, in construing the terms of a will similar to the one being considered here, the court held:

"In a will divided into two items, the first read: 'I hereby devise and bequeath unto

my beloved wife, Lucinda Burke, subject to the payment of my debts, funeral expenses, and other expenses, all my estate, real and personal and mixed.' The second item contained a direction that whatever might remain of the estate at the death of the wife should be divided between three children and a grandson of the testator, naming them. Held, that the terms of the first item created an uncontrolled power of disposition in the wife of all the real estate of the testator, vesting in her an estate in fee simple; and the second clause, containing a direction inconsistent with the absolute interest vested in her, is void."

In the case of Scott v. Gillespie, supra, the court held:

"Under the following clause of the will, it is held that the testator intended to devise to the wife a life estate, with power of disposal, remainder to the children:

" 'Second. All the residue and remainder of my estate, both real and personal, I hereby give, bequeath, and devise unto my faithful and beloved wife, Rebecca J. Gillespie, to have, enjoy, sell, or dispose of, in any manner she may see fit, or in her judgment may conduce to interest or value of said estate, or any portion of it; and upon her death, that all real and personal property she may die seized of shall then be distributed among my children, share and share alike, or if any of my said children shall then be dead, and leave children, then such grandchildren together shall receive the one share their deceased parent would have been entitled to if living'."

In discussing that feature of the will and the power conveyed by its terms, the court said:

"The will in question is one which could be construed as giving a fee simple or a mere life estate and is one on which legal minds might well differ, each supported by abundant authorities. To give, bequeath, and devise to the wife, 'to have, enjoy, sell, or dispose of, in any manner she may see fit, or in her judgment may conduce to interest or value of said estate, or any portion of it,' would of itself be deemed to pass the absolute title. But when, as a part of the same sentence, the provision is made that upon the devisee's death all real and personal property she may die seized of shall then be distributed as directed, such provision is entitled to attention and consideration. If the testator intended to make no requirements or restrictions as to the estate, except to pass a fee simple to his wife, it would seem idle to have used the language employed in this instrument."

The court said further:

"The rule that, when a will once gives a **fee-simple** title, a subsequent contradictory **provision must fail**, is not applied in these days, when from the words used such rule would go counter to the intention of the testator. A single clause in a separate item was held inadequate to subvert the manifest intention of the testator in Bryant v. Flanner, 99 Kan. 473, 162 Pac. 280. The modern rule applicable here was succinctly stated by the Chief Justice in Brown v. Brown, 101 Kan. 335, 166 Pac. 499 (Syl. 1) to be: 'That the intention of the testator, as gathered from all parts of the will, is to be given effect, and that doubtful or inaccurate expressions in the will shall not override the obvious intention of the testator'."

From Daniel S. Remsen's work on the Preparation of Wills and Trusts (2nd Ed.) section 10, at page 175, we quote the following:

"Where the gift is expressly limited to a life estate or interest in real or personal property, a power of disposal of the residue during life or by will, including a power to consume, may be given to the life tenant without prejudice to a gift over in case the **power be** not exercised. The rule is generally held applicable even where the power of disposal is an unlimited beneficial power, but not in all jurisdictions."

In the case of Adams v. Prather, supra, the court said:

"By her will a married woman gave all her property to her husband, appointing him executor with power to sell any or all of her real estate and personal property without an order of court. On the death of the husband, one-half of the unexpended portion of the testatrix's estate was bequeathed to a specified niece and the other one-half divided among a class. Civ. Code, sec. 1322, declares that a distinct devise or bequest cannot be affected by any other words not equally clear or distinct. Held, that the gift to the husband was modified by the subsequent gifts; and, while he took the estate during his life with the power to consume or dispose of it, and persons dealing with him in good faith would be entitled to protection as fully as though he were absolute owner, yet he could not, during his lifetime, make a gift of the estate or dispose of it by will."

There is nothing in the authorities cited by the plaintiffs to the contrary.

It will be noted that section 8522, supra, provides that the estate shall be changed into a fee, absolute in favor of the creditors, purchasers, and incumbrancers. That provision of our law was in effect long prior to the execution of this will and, under the rule, was read into and became a part of the will. This court has not heretofore determined the construction that should be given the section. We think, however, that it should be construed as similar statutes have been construed by the courts of other

states. Our attention is called to no decision of any court holding that under such a statute the creditors may not subject the property.

We therefore hold that under the power of Rebecca Watkins, by virtue of the will of Robert Watkins, the estate acquired by Rebecca Watkins in the land involved in this action was such that it passed to the defendant herein, by virtue of the sheriff's sale of the real estate, a title to the exclusion of the claims of the plaintiffs herein, and that there was no reversible error in the judgment of the trial court herein.

As to whether the plaintiffs would have acquired title to the land in preference to the heirs of Rebecca Watkins, had Rebecca Watkins retained the title thereto at the time of her death, we express no opinion, as not being necessary to a determination of the issue here presented.

The judgment of the trial court is affirmed.

RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.