ST. GEORGE STATE BANK OF ST. GEORGE, KAN., v. MARSHALL et al.

*100 P. 2d 432.*

No. 29081. Jan. 30, 1940.

Howell Parks, of Muskogee, and Wm. E. Smith, of Wamego, Kan., for plaintiff in error.

R. M. Mountcastle, of Muskogee, for defendants in error.

HURST, J. The St. George State Bank of St. George, Kan., brought this action to subject certain land in Muskogee county to a judgment against the defendant Martha Marshall, theretofore obtained by it in Kansas. By answer Martha Marshall asserted ownership of a life estate only in the land. Ada L. Stuart, Charles F. Marshall, Jesse J. Marshall, Earl Kenneth Marshall, and Helen Katherine Marshall Duncan intervened, claiming the ownership of such land, subject to the life estate of Martha Marshall. By amendment, interveners also pleaded that under the laws of Kansas, property given by will to any person for life, and after his death to his heirs in fee, vested only a life estate in such part taken. They also pleaded that the will of Henry C. Marshall, which was referred to in their petition in intervention, and attached to the answer of the defendant, should be construed according to the laws of Kansas. The case was tried on an agreed statement of facts, and the trial court gave judgment for plaintiff, but held that the defendant Martha Marshall was the owner of a life estate in the lands in question, and denied plaintiff's right to levy upon any greater interest in aid of its judgment. Plaintiff appeals.

The facts, with one exception which will be referred to hereafter, are not disputed. Henry C. Marshall died in 1921, a resident of the state of Kansas, leaving a will, the pertinent portion of which is as follows:

"Second: I will and devise unto my beloved wife, Martha Marshall, all and singular the property of which I may die seized and possessed, both real and personal and mixed, and whatsoever situate, for the period of her natural life; and I specifically direct that she have and use the said property and all of same as she may desire, both income and principal.

"Third: I further devise and bequeath, subject to the life estate herein granted unto my wife, all and singular the remainder of my said property which shall be left upon the termination of such estate, unto my four children in equal parts, share and share alike, as follows: Ada L. Stuart, now of Muskogee, Okla., John Q. Marshall of Zeandale, Charles F. Marshall of Zeandale, Jesse J. Marshall of Peabody, Kansas; to have to hold the same absolutely and without limitation."

The will was duly admitted to probate, and Marsha Marshall, the widow, elected to take under it. John Q. Marshall thereafter died, leaving as his heirs Earl Kenneth Marshall and Helen Katherine Marshall Duncan. In 1925, Ada L. Stuart, the daughter of decedent, and her husband were the owners of the land in question. Defendant took a quitclaim deed from Ada L. Stuart and her husband on April 15, 1925, pursuant to a conference with the children. Thereafter defendant purchased an outstanding mortgage against the land, made by Ada L. Stuart and her husband, taking an assignment thereof to herself which was not recorded. On April 26, 1933, plaintiff recovered judgment against defendant in the district court of Riley county, Kan. This judgment was the result of Martha Marshall's endorsement of a note made by her son, John Q. Marshall, to plaintiff, and which evidenced an indebtedness of the son to plaintiff incurred some time prior to her endorsement. It is agreed that Martha Marshall had no property of her own, but that all of the property she possessed was derived from Henry C. Marshall under the will, and that Martha Marshall was and is a resident of Kansas. Defendant at all times subsequent to her discharge as executrix of the will of Henry C. Marshall has been in possession of his estate. Plaintiff agreed that Martha Mar-

shall had stated that she bought the land with money taken from the estate.

The parties further agreed that the Statutes of Kansas provided as follows:

"When lands, tenements, or hereditaments are given by will to any person for his life and after his death to his heirs in fee, or by words to that effect, the conveyance shall be construed to vest an estate for life only in such part taken and a remainder in fee simple in his heirs."

They admit that there are no statutes in Kansas similar to sections 1579, 1583, O. S. 1931, 84 Okla. St. Ann. §§ 151, 155, and sections 11877, 11879, 11881, O. S. 1931, 60 Okla. St. Ann. §§ 262, 264, 266.

1. The first question raised by plaintiff is whether the record sufficiently shows that the money paid by the defendant for the land was money of the estate. This contention is based on the use of the word "derived" in the stipulation that the land was purchased with money "wholly derived" by Martha Marshall from the estate of Henry Marshall and the use of the same language in the judgment. The argument is that this would include income from, as well as the corpus of, the estate, and since the income was hers absolutely, the purchase price was not definitely proven to be money of the estate. However, the further stipulation in the agreed statement of facts that Martha Marshall had no property of her own, and that the consideration was paid by her out of funds received from the estate of Henry C. Marshall, and the introduction in evidence by plaintiff of her statement that she bought the land and paid for it out of "this money," referring to the money left her by her deceased husband, in our opinion is sufficient to preclude plaintiff from now questioning the source of the purchase price. If these expressions do not show beyond question that the land was purchased with the money of the estate, they were at least sufficient to cause counsel for the defendant, and the trial court, to feel that this fact was not controverted. We think the admissions in the agreed statement of facts are such as to render this contention untenable.

2. The trial court held that under the terms of the will the widow took a life estate with power of disposal. This finding accords with the Kansas decisions. Greenwalt v. Keller et al. (Kan. 1907) 90 P. 233; Wilkison v. Wilkison et al. (Kan. 1930) 286 P. 252. This finding is not urged as error, and we will assume it to be correct. Upon this finding plaintiff bases its second contention, which presents the chief question for decision. Was the life tenant, with power of disposal, by operation of the laws of Oklahoma vested, as to creditors, with full title to the Oklahoma land? Plaintiff asserts that she was, as to it, the owner in fee of such land, and that it could subject the entire estate therein to its judgment. This contention is founded on the application of section 11877, O. S. 1931, 60 Okla. St. Ann. § 262, to the estate or interest of the defendant Martha Marshall in the property of her deceased husband under the terms of the will above quoted. Admitting that if the land were in Kansas, the courts of that state could not compel the exercise of the power of disposal in favor of a creditor, they assert that the laws of Kansas have no force in Oklahoma insofar as the transfer, incumbrance, or devolution of real estate is concerned, and that therefore when Martha Marshall bought the land she became as to creditors the absolute owner thereof. Section 11877 provides that "where an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee, absolute in favor of creditors, purchasers, and incumbrancers, but subject to any future estates limited thereon, in case the power should not be executed, or the property should not be sold for the satisfaction of debts." This section was construed by this court in Watkins v. French (1931) 149 Okla. 205, 299 P. 900, 76 A.L.R. 1146, and the conclusion reached therein was as contended for by plaintiff in this case. In that case, however, the testator and the creditors were residents of this state, and the property sought to be appropriated to the payment of the debt was Oklahoma land, owned by the

testator in his lifetime. In the present case the testator and the creditors, as well as the life tenant, are residents of Kansas. The property in Oklahoma was purchased with funds passing to the devisees under the Kansas law, and the estates of the life tenant and remaindermen were taken under that law.

The Supreme Court of Kansas has held that such power of disposal, in wills of this nature, is restricted to a disposal necessary or proper to effectuate the primary purpose of the testator, and that such primary purpose was the support and maintenance of the wife, and that she could not dispose of such property without benefit to herself and to the impoverishment of the estate. Pearson et al. v. Orcutt et al. (Kan. 1920) 189 P. 160.

We think the same purpose is expressed in the will of Henry C. Marshall, and that thereby the defendant was not given that absolute power of disposition which was conferred on the life tenant in Watkins v. French, supra, and which would be essential to the operation of section 11877 of our statute. In 69 C. J. p. 555, § 1630, it is stated that if the power is not absolute, and if others than the donee of the power have by the terms of its creation an interest in its execution, such statute does not apply.

Furthermore, we do not consider sections 11877 and 11881 applicable to the facts in this case, for the reason that the interests of the parties in the funds of the deceased were vested under the Kansas law, and the investment thereof in lands in this state would not work a change in such vested interests. Concededly, the judgment could not have been enforced against the personal property of the estate in Kansas. When the life tenant invested the funds of the estate in land in Oklahoma, it did not operate as an expenditure of the funds for her personal needs, but as a conversion of one form of estate property into another form, which she held subject to the terms of the will. Olson et al. v. Weber et al. (Iowa, 1922) 187 N. W. 465; Hicks v. Connor (Ky. 1925) 276 S. W. 844; In re McCollough's Estate (Pa. 1922) 116 Atl. 477. The rights of the remaindermen, having vested in the funds by operation of the laws of Kansas (Markham v. Waterman, 105 Kan. 93), followed it and vested in the Oklahoma land, subject to be defeated by the exercise of the power granted by the will. Olson et al. v. Weber et al., supra; 28 R.C.L. 238. To hold otherwise would be to permit the life tenant, by such methods, to dissipate the estate in violation of the purposes for which the life estate was created, and thus defeat the intent of the testator. Until the power was exercised, the fund belonged to the remaindermen, subject only to her right to the income therefrom. Markham v. Waterman, supra. Therefore, when the life tenant purchased, with funds of the estate, the Oklahoma land, taking title thereto in her name, a trust in favor of the remaindermen resulted by operation of law. 26 R.C.L. 1227. See, also, Mendenhall et al. v. Walters et al. (1916) 53 Okla. 598, 157 P. 732; Indian Land & Trust Co. v. Owen (1916) 63 Okla. 127, 162 P. 818.

Counsel for plaintiff direct our attention to the case of Mansfield v. Crane et al. (Kan. 1924) 225 P. 1087, wherein it was held that a will similarly worded gave the life tenant the "absolute right of disposal" of the property. In that case, however, the court was passing upon the contention of the remaindermen that the right of disposal was not given at all, and the intent of the testator in giving the power was not discussed. We think that in the present case, as in Pearson v. Orcutt, supra, the intent of the testator to limit the power of disposal to the proper maintenance and support of the widow, and to place a restriction upon the capricious, arbitrary, and unnecessary dissipating of the estate, may be reasonably inferred. We do not consider Mansfield v. Crane in conflict with the holding in Pearson v. Orcutt.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, GIBSON, and DAVISON, JJ., concur. RILEY, OSBORN, and DANNER, JJ., absent.