[Gilbreath, *et al.* v. Farrow.]

# Gilbreath, *et al. v.* Farrow.

*Bill to Foreclose Mortgage and Cross Bill to Declare a*
*Trust in the Mortgage Property.*

(Decided July 6th, 1906.   41 So. Rep. 1000.)

1. *Trusts; Resulting Trusts; Bill to Establish.*—In order to establish a resulting trust in land, it must be alleged with distinctness and precision the facts out of which the trust originated,· and the averments must be shown by clear, full and convincing proof.

2. *Appeal; Decisions Reviewable; Orders Entered After Final Decree.*—The appeal being taken from the final decree rendered in the cause, this court cannot, on such appeal, review an order denying a petition offered by the defeated party at a term subsequent to the one at which the final decree was rendered.

APPEAL from Marshall Chancery Court.
Heard before Hon. W. H. Simpson.

This was a bill filed by Thomas L. Farrow against Sam Gilbreath, Sallie Gilbreath, wife of Sam Gilbreath, and G. H. Pounds, seeking to foreclose certain mortgages executed by Gilbreath and wife to complainant and others and by such others transferred to complainant. Pounds answered admitting the allegations of the bill. Sallie Gilbreath filed an answer and cross-bill setting up that she is a married woman, the wife of Sam Gilbreath, and that she was such at the time each of the notes and mortgage set out and described was given for debts of Sam Gilbreath and husband of complainant in the cross-bill, and the complainant here merely signed said notes and mortgages as the surety of her husband, Sam Gilbreath. That Sallie Gilbreath owns in her own right an undivided one-half interest in and to a part of the lands described in the original bill, a description of which is set out in the cross-bill, and that she is in the peaceable quiet possession of the entire interest in said lands claiming them as her own and said lands constitute her home-. stead. That Sam Gilbreath the husband of complainant

in the cross-bill holds a deed to one-half interest as is shown by a copy of the deed made an exhibit to the cross-bill, but that he holds the same as a bare trustee for Sallie Gilbreath, his wife; that she paid the entire purchase money for the same and has been in peaceable possession of the land since the making of the deed, and that both she and Sam Gilbreath have treated the lands as hers. Demurrers were interposed and sustained to the cross-bill.

STREET & ISBELL, for appellant.—The land included in the mortgage belonged to the wife, and the debts were those of the husband, and unless there is an estoppel against her, the mortgages were void as to her property. —Sec. 2529, code 1896, and citations. In order to raise an estoppel against her, three things must obtain. First, that the mortgagee was ignorant of her title.—11 A. & E. Ency. of Law, p. 432; *Cunningham v. Milner*, 56 Ala. 522; *Mills v. Graves*, 87 Am. Dec. 314; *Porter v. Wheeler*, 105 Ala. 451; 16 Cyc., pp. 759-765. Second, that she knew that he was ignorant of the fact, and third, that she remained silent knowing that her husband was about to obtain and the mortgagee about to extend credit upon the faith that the land was that of her husband.

The mortgage was usurious undisputedly, and the mortgagees were not bona fide purchasers.—*McCall v. Rogers*, 77 Ala. 349; *LeGrand v. Bank*, 81 Ala. 123; *Woolsey v. Jones*, 84 Ala. 88.

JOHN A. LUSK, for appellee. The only error complained of is the failure to grant the wife relief on her cross bill which she asked by reason of the use by her husband of funds belonging to her in the purchase of lands embraced by the mortgage.—*Mobile Life Insurance Company v. Randall*, 71 Ala. 220. If the beneficiary sleeps over her rights the court will not wrong him who is without fault.—67 Ala. 599. Every fact necessary to enable the court to identify the funds used must be plainly and fully stated and proven.—53 Ala. 120; 77 Ala. 349. The averments of the cross bill are not definite

[Gilbreath, *et al.* v. Farrow.]

and precise and the proof is not clear.—82 Ala. 318; 53 Ala. 120; 73 Ala. 505. Farrow is a purchaser for value without notice.—75 Ala. 216; 71 Ala. 220; 63 Ala. 561; 76 Ala. 135; 77 Ala. 349; 108 Ala. 493. The wife is estopped in this cause to assert an equity in the land . She induced the loan.—113 Ala. 381; 129 Ala. 619; 95 Am. St. Rep. 680; 86 Ala. 200; Ib. 765.

TYSON, J.—The bill in this cause was filed to foreclose certain mortgages made an exhibit to it executed by the respondent Gilbreath conveying certain lands described in them. On final hearing the chancellor decreed a foreclosure of one of the mortgages, the last executed, which secured a note bearing date February 10, 1902. The resepondent, Mrs. Gilbreath, here contends that a portion of the land conveyed by the mortgage in equity belonged to her, notwithstanding the legal title to it was in her husband, her co-respondent, the mortgagor. This contention is based upon the theory that her husband used her money to pay for the land claimed by her and that the complainant is chargeable with notice of her equity growing out of that fact. In other words, she, by her cross-bill, seeks to establish a resulting trust in a certain part of the land conveyed by her husband's mortgage to the complainant. In order to accomplish this, it was incumbent upon her not only to aver the facts out of which the trust originated with distinctness and precision, but to prove the averment by "clear, full and convincing evidence."—*McCall v. Rogers,* 77 Ala., 349; *Shelton v. Aultman,* 82 Ala. 315, 318, 8 South. 232. We have only to direct attention to the averment of the cross-bill to see that they are wholly insufficient, when tested by the rule declared in the cases above cited, to afford the relief sought. Furthermore, if by any sort of construction its averments could be held to be sufficient (which they are not), they are not established by that degree of proof required.

We are next asked to review the order of the chancellor denying the petition of the respondent, Sam Gilbreath, made at a term of the court held subsequent to

the one at which the final decree was rendered foreclos-. ing the mortgage. The matters involved in that peti- tion, occurring as they did, after the final decree was rendered, as did the ruling on it, are clearly not reversi- ble upon appeal from that decree. And as an examina- tion of the record does not disclose that this appeal was prosecuted from that order, but that it is prosecuted from the decree foreclosing the mortgage, the order is not before us for revision.—*Chicago Portrait Co. v. Rob- bins*, 42 South.—1. It is not insisted on the part of ap- pellant, Sam Gilbreath, that an error was committed in the rendition of the final decree as to him.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.

### Bill to Foreclose Mortgage.

