### BABCOCK v. COLLISON et al.

No. 9330—Opinion Filed Oct. 22, 1918.

(175 Pac. 762.)

**1. Trusts—Resulting Trust—Parol Evidence —Weight of Evidence—Burden of Proof.**

A resulting trust may be established by parol evidence, but the law requires that the proof necessary to establish it should be of the most satisfactory kind. The onus of establishing a resulting trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in mak-

ing a decree therefor, the evidence must be clear, unequivocal, and decisive.

**2. Same—Sufficiency of Evidence.**

Evidence examined in the instant case, and held to be insufficient to warrant the relief prayed for.

(Syllabus by Davis, C.)

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by L. H. Babcock against A. T. Collison and A. J. Smysor. Judgment for defendants, motion for new trial overruled, and plaintiff brings error. Affirmed.

C. B. Holtzendorff and P. W. Holtzendorff, for plaintiff in error.

Adams & Wills, for defendants in error.

Opinion by DAVIS, C. This action was begun by plaintiff in error, plaintiff below, against defendants in error, defendants below, for the purpose of having the defendants declared to be trustees holding in trust the west half of the southwest quarter of section 15, township 23 north, range 14 east, for the use and benefit of plaintiff. The facts out of which this litigation grew are as follows: On or about the 18th day of April, 1910, plaintiff and defendant A. T. Collison entered into a contract by the terms of which an exchange of property was consummated. A. T. Collison and his wife, Edna Collison, deeded to plaintiff the land heretofore set out and described, and as a consideration for the deed to the property heretofore described the plaintiff caused Frank Phillips to convey a lot in Johnstone Heights addition to the city of Bartlesville, Okla., to A. T. Collison for an agreed consideration of $1,500. The plaintiff executed to A. T. Collison a note in the sum of $860, with interest at the rate of 8 per cent. per annum for the difference in the value of the 80 acres of land deeded by Mr. Collison to plaintiff and the lot deeded by Mr. Phillips to defendant Collison. The $860 note was secured by mortgage on the 80 acres of land heretofore described. Plaintiff made default in the interest payments on the note thus executed. Suit was instituted by Mr. Collison for the purpose of securing a judgment for the amount of the note and to have his lien foreclosed on the 80-acre tract of land. On the 7th day of June, 1912, A. T. Collison secured a judgment in the district court of Rogers county, Okla., against L. T. Babcock and Archie Babcock for the sum of $942.55. A further judgment was rendered, foreclosing the lien of Mr. Collison on the west half of the southwest quarter of section 15, township 23 north, range 14 east, in Rogers county,

Okla. At the expiration of six months from the date of the rendition of this judgment an order of sale was issued by the court clerk of Rogers county, Okla. Pursuant to this notice the sheriff of Rogers county, Okla., advertised the 80-acre tract of land for sale. On the 19th day of February, 1913, the land was sold at public sale and purchased by A. T. Collison for the sum of $600. On the 12th day of March, 1913, an order was made by the district judge of Rogers county, Okla., confirming and approving the sale made of the foregoing described premises by the sheriff of Rogers county, Okla., and a deed was subsequently issued to the purchaser.

On or about the 1st day of March, 1913, the plaintiff in this action had a conversation with the defendant Collison in regard to paying the judgment and obtaining the land. It is contended by the plaintiff that in that conversation there was an oral agreement entered into by the terms of which the plaintiff was not to file objections to the confirmation of the sale of the 80-acre tract of land, and that as a consideration for this agreement the defendant Collison agreed that when said confirmation was made that he would transfer and convey the 80-acre tract of land to the plaintiff, or to any one whom the plaintiff might designate, upon receipt of the amount of the judgment due him, and it is further stated that in violation of the terms of this agreement, after said confirmation was made and a deed issued to the purchaser, Mr. Collison refused to carry out the terms of the oral agreement entered into, by the terms of which he was to reconvey the land in controversy to the plaintiff, or to some one designated by the plaintiff, upon the payment of the amount of the judgment, interest, and cost obtained in the foreclosure suit. An answer was filed in this cause, in which the various transfers are admitted, and a denial interposed that any contract was entered into by the terms of which the defendants agreed to reconvey the land in controversy to the plaintiff upon the payment of the amount of the judgment, interest, and cost obtained in the foreclosure suit. Upon these issues the cause was submitted to the court without the intervention of a jury, and judgment rendered in favor of defendants and against plaintiff. A motion for a new trial was duly filed and overruled, and from the action of the court in refusing to set aside and vacate its judgment and grant plaintiff a new trial an appeal is prosecuted to this court for the purpose of having reviewed the proceedings in the lower court. Only one question is presented in this cause, and that is as to whether or not the judgment

and decree of the court is against the weight of the evidence in this cause.

This action is for the purpose of having established a resulting trust in said land in favor of plaintiff. The question as to whether or not there was any oral contract entered into between plaintiff and defendants is a controverted question of fact. Only two witnesses testified as to the conversation that occurred in the office of Mr. Collison in reference to this matter. The plaintiff himself and Mr. Smysor were the only two witnesses whose testimony was taken at the trial. Conceding, without deciding, that the allegations in plaintiff's petition would warrant the court in granting the relief prayed for, we are forced to the conclusion, after an examination of the evidence in this case, that plaintiff has wholly failed to produce such evidence as would warrant a decree in his favor establishing a resulting trust, and warranting the court in compelling a conveyance of this property by the defendant to the plaintiff on the payment of the amount of the judgment obtained in the action to foreclose the mortgage. All the conversation that Mr. Babcock testified about occurred long after the sale of the property had been made and only about twelve days prior to the date on which the confirmation order was entered. If we take the most favorable view possible of the plaintiff's testimony on this point, we are forced to the conclusion that the most that can be said is that the defendant Collison discussed the terms to be incorporated into a written contract by the terms of which the property in controversy would be conveyed to plaintiff on the payment of the amount of indebtedness to Mr. Collison. The plaintiff's testimony is to the effect that the matter was discussed in Mr. Collison's office, and that about the time this conversation closed Mr. Smysor came into the office, at which time Mr. Collison informed plaintiff that Mr. Smysor had an interest in the land in controversy. When this suggestion was made, the matter was then talked over in the presence of Mr. Smysor, but the plaintiff's testimony shows that Mr. Smysor neither consented nor agreed to this arrangement, and the contract which plaintiff contends was to be entered into was contingent upon plaintiff's being able to secure a loan on the land in controversy to pay defendants the amount of the judgment obtained in the foreclosure action. Plaintiff testified that after this conversation occurred he was to have two or three days to make an investigation to see whether or not he could secure a sufficient amount of money to pay off the judgment, and that when he returned to the office of Mr. Col-

lison he was unable to find any one there, and as a result there were no, further negotiations about the matter until the order of confirmation had been entered and a deed ordered to be issued to Mr. Collison. Mr. Smysor's testimony shows that there was a conversation had in reference to this land, and it was agreeable to Mr. Collison and to himself to accept the amount of the judgment obtained against Mr. Babcock and convey the land to him, but no contract was entered into between them or agreed upon, and that Mr. Babcock did not procure the amount of the money due, and for that reason a confirmation of sale was had and a deed issued to Mr. Collison.

We are of the opinion that the evidence is insufficient to support the allegations of plaintiff's petition. It appears that the conversation detailed by both plaintiff and defendants was for the purpose of ascertaining the terms of a contract, if the plaintiff could secure a sufficient amount of money to pay the judgment in the foreclosure suit. In order to establish a resulting trust, the burden lies on the party asserting the trust, and a trust must be established by clear and unequivocal evidence. In the case of Hayden v. Dannenberg, 42 Okla. 776, 143 Pac. 859, Ann. Cas. 1916D, 1191, the question of the amount of proof necessary to establish a constructive trust was before the court for consideration, and Commissioner Sharp stated the following rule:

"A constructive trust may be established by parol evidence, but the law for the safety of titles requires that the proof should be of the most satisfactory and trustworthy kind. The onus of establishing a constructive trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive."

While there is a marked distinction between a resulting trust and a constructive trust, it does not appear that there is any distinction in the amount of evidence required to establish either. Jones, in his Commentaries on Evidence (volume 3, par. 422), states the rule in regard to the amount of evidence necessary to establish and prove a trust as follows:

"But it is well settled that in such case the testimony must be strong and unequivocal, and of such character as to disclose the exact right and relations of the parties. There will be found in modern cases such strong expressions as the proof must be 'clear and convincing'; 'clear, strong, and convincing'; 'clear, full, and satisfactory'; 'clear, strong, unequivocal, and unmistakable'; 'most satisfactory and convincing'. In-

deed, it may be stated more generally that the proof of trusts by parol is not regarded with favor by the courts. The proof should be sufficient in amount, and of such a character as to lead to definite conclusions. When the evidence is so ambiguous and indefinite, or when it relates to transactions so remote as to fall short of such a test, it should be held inadequate to establish the trust."

The authorities cited in support of the foregoing authority seem to establish that there is a great unanimity among the courts on this proposition. In the case of Gilbreath et al. v. Farrow, 147 Ala. 183, 41 South. 1000, the Supreme Court of Alabama, speaking of the amount of proof required to establish a resulting trust, stated the following rule:

"This contention is based upon the theory that her husband used her money to pay for the land * * * and that the complainant is chargeable with notice of her equity growing out of that fact. In other words, she by her cross-bill seeks to establish a resulting trust in a certain part of the land conveyed by her husband's mortgage to the complainant. In order to accomplish this, it was incumbent upon her, not only to aver the facts out of which the trust originated, with distinctness and precision, but to prove the averment by 'clear, full, and convincing evidence.'" McCall v. Rogers, 77 Ala. 349; Shelton v. Aultman, 82 Ala. 315, 8 South. 232; 39 Cyc. p. 633; 1 Perry on Trusts and Trustees, par. 139.

Measured by the authorities cited above, we are constrained to hold that the judgment of the court in the instant case should be affirmed.

By the Court: It is so ordered.