**HERNDON v. SHAWNEE NAT. BANK et al.**

No. 15113—Opinion Filed Dec. 30, 1924.

1. **Deeds—Presumption as to Title—Deed to Two Persons.**

Where a warranty deed conveys real estate to two or more persons, the presumption is that the estate conveyed is one in fee simple and of inheritance and that the grantees have an undivided equal interest unless it is otherwise expressly provided in the deed.

2. **Same—Nature of Estate Conveyed—Statute.**

Under section 5272, Comp. Stat. 1921, every estate in land which shall be granted, conveyed, or demised by deed or will, shall be deemed an estate in fee simple and of inheritance unless limited by express words. and to overcome this presumption the party contesting it must make out his case by preponderance of the evidence.

3. **Injunction — Title to Land Levied on —Effect of Denial of Relief.**

Where the husband and wife are grantees in a warranty deed and an execution is issued under a judgment against the wife and levied on the property described in the deed and same is offered for sale to satisfy the judgment, and injunctive relief is sought by the husband against the sale on the ground the wife has no interest in the property, the judgment denying the relief asked does not mean the husband has no interest in the property, but that he has failed to show himself entitled to the relief asked.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by R. A. Herndon against the Shawnee National Bank, a corporation, and J. E. Sloan, Sheriff of Pontotoc County, asking for injunctive relief against the sale of real estate under an execution. Judgment for defendants, and plaintiff appeals. Affirmed.

McKeown & Green, for plaintiff in error.

W. L. Chapman, for defendants in error.

Opinion by THREADGILL, C. On July 14. 1914, plaintiff in error, who was plaintiff in the trial court, together with his wife, Estelle Herndon, obtained a deed from one J. L. Huber to lot No. 11 in block 119 of the city of Ada. The consideration was one dollar and other valuable considerations, and in the usual form of a warranty deed. Plaintiff had bought other lots in Ada, but this one was the only lot that his wife was made a party grantee. She had received between $4,000 and $5,000 in money from her father's estate about 1912, before deed was executed. June 14, 1921, said Estelle Herndon, as Mrs. R. A. Herndon, and Jno. L. Case, P. S. Case, and Gertrude Case Norrell, made and executed a note to the Shawnee National Bank of Shawnee for $6,000 at 10 per cent. interest per annum until paid. This note was made payable October 1, 1921. The note was not paid when due, but certain payments were made and credited on it until April 24, 1922, at which time there was due and unpaid the sum of $1,472.50 with interest from May 1, 1922, and 10 percent. attorney's fee, and, on failure to pay this balance, the bank brought suit and obtained a judgment on January 23, 1923, against all of the parties to the note. Thereafter, an execution was issued and served by levying on the lot and premises above described as the property of Mrs. R. A. Herndon. The property was appraised and notice given to sell the same. Thereupon the plaintiff, R. A. Herndon, commenced an action against the sheriff of Pontotoc county and the Shawnee National Bank of Shawnee to enjoin the sale of the said prop-

erty, on the ground that the same was the property of the plaintiff, and his wife, Mrs. R. A. Herndon, had no interest in it; that her name appearing in the deed was by mistake. A temporary restraining order was issued and the sale was held up. On May 7, 1923, the cause was tried to the court and taken under advisement until January 9, 1924, at which time the court rendered judgment in favor of the sheriff and the bank, dissolving the temporary restraining order and refusing to grant a permanent injunction against the sale, and the plaintiff brings the case here by petition in error and case-made.

1. Plaintiff states that the evidence does not support the court's judgment. He contends that the evidence shows that Mrs. R. A. Herndon had no interest in the property levied on by the sheriff under the execution; that it belonged solely to him; that it was purchased with his money and without any assistance from his wife and without any intention on his part to give her any interest in it, and her name in the deed was an inadvertence on the part of the attorney who prepared the deed, and the judgment lien statute, section 690, Comp. Stats. 1921, does not apply to the facts in the case. Assuming the facts of his contention to be true, he cites the following authorities to support his contention as to the application of the statute. J. I. Case Threshing Machine Co. v. Walton Trust Co., 39 Okla. 748, 136 Pac. 769; Gilbreath et al. v. Smith, 50 Okla. 42, 150 Pac. 719; Oklahoma State Bank of Wapanucka v. Burnett, 65 Okla. 74, 162 Pac. 1124; Farmers' State Bank of Ada v. Keen, 66 Okla. 62, 167 Pac. 208.

We have examined these authorities, and they support the proposition that a judgment lien does not attach to real estate where the legal title is in one person and the equitable title is in another, and the reason for the rule is in the fact that the judgment creditor is not a bona fide purchaser, as he parts with nothing to acquire his lien.

But is the evidence sufficient to bring the case within the rule of these authorities? First, we have the deed in which the property is conveyed to plaintiff and his wife with its statutory presumption, and it must be conceded that, upon the face of the record, this deed conveyed to the plaintiff and his wife an estate in fee simple and of inheritance and that each had an undivided equal interest in the estate. Weaver v. Drake et al., 79 Okla. 277, 193 Pac. 45.

Section 5272, Comp. Stats. 1921, provides:

"Every estate in land which shall be granted, conveyed or demised by deed or will, shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

The presumption indulged by the statute may be overcome by proof showing a different interest than the interest expressed on the face of the record and where the rights of bona fide innocent purchasers have not intervened, and, in all cases against judgment lien, where the credit upon which the judgment is based was not extended upon the presumption provided for by the statute. The burden of proof was upon the plaintiff.

An examination of the evidence discloses that the plaintiff had bought considerable real estate, and in all of his transactions the property in controversy was the only property bought by him where his wife's name was used in the deed with his. The record shows that Mrs. R. A. Herndon, by inheritance, received from her father's estate four or five thousand dollars in money. The plaintiff testified that she received this money, but did not invest it in any of the real estate that he bought and did not invest any of it in the property in controversy. Mrs. Byron Norrell, sister of Mrs. R. A. Herndon, testified that Mrs. Herndon received this money about 1910 or 1912; she was not sure of the date, but it was before the deed was made in 1914, and Mrs. Herndon afterward often referred to this property as "our property." She was asked: "You know anything about whose money went in that property?" and she answered, "Well, I don't know whether any of this direct money from our estate, but I know money she got from the estate went in property, and that money went in property, money they had accumulated did go in it." John Case, a brother, testified that the property was in fact joint property and, on cross-examination he was asked how he understood it was joint property, and he answered:

"About the time they bought that, not the property they sold, this property as I understood, and I heard them talking that was supposed to be her property, came from her money, just from hearing them talk."

"Q. Hear them talk, when did you hear them talk? A. Oh, for several years. When first came here they borrowed some money from me, and after here quite a while borrowed some more, and we had quite a lot little dealings and I lived in the house up there. Q. They did not indicate that was her property? A. No, only she attended to this business as much as he ever did."

On further cross-examination the witness was asked:

"Q. I want you to explain to the court why, if you knew, that was her property and in her name, why did you go to the abstractor? A. I know her property. She came to my house and lived with me when they had family trouble, and loaned her money to pay on this property and she has as much in it as he has. Q. That was joint industry, knew all the time that was her property and in her name? A. I don't know that piece of property. I never went into their business to see each piece of property."

W. F. Schulte testified that he was the attorney who drew the deed to the property, and he identified it as the one in which he filled in the names, being the names of the plaintiff and his wife; said he had no independent recollection who suggested to him to place both of their names in the deed, could not state whether the suggestion was given from Mr. Herndon or Mrs. Herndon, but he wrote the names in the deed at the request of somebody at the time.

We have stated this much of the evidence to show the character of the same upon which the court based its judgment in refusing to grant an injunction. There was other testimony on both sides of the issues, but none stronger than the evidence above recited, and in considering all of the evidence in the record we cannot say that its weight preponderates for plaintiff and is against the judgment of the court. It does not appear that Mrs. Herndon was called by either side as a witness; she would have been a competent witness for the plaintiff, because she was interested, and her testimony would have been very material. if we may presume it would have been favorable to the plaintiff as well as herself, and, if we may presume that she could have explained in a satisfactory manner what she did with the money she received from her father's estate and whether or not she invested any of it in the property in controversy. On the other hand, it may be reasonably inferred from the fact that she did not testify that her testimony would not have been favorable to the plaintiff nor herself.

The defendants take the view that from the fact Mrs. Herndon was a party grantee to the deed and plaintiff had permitted her to hold legal title in her name from 1914 to the time when the execution was levied, the rule of estoppel applies to him, and they state the rule as follows:

"When the husband permits his wife to hold title to his land in her name he will be estopped from asserting rights against

her creditors and bona fide purchasers for value."

And cite: 31 Cyc. 1349; 21 C. J. 1175; 30. C. J. 782; 19 R. C. L. 743; and Goldberg v. Parker (Conn.) 46 L. R. A. 1097.

But we do not think the evidence in the case is sufficient to invoke this rule, for the reason it is not shown that the credit extended to Mrs. Herndon by the bank and upon which the judgment in that case was based was extended on the knowledge and strength of her having an interest in the property levied on.

2. Plaintiff further contends that the judgment is erroneous, even if Mrs. Herndon had an interest in the property, for the reason that the whole property was seized by the sheriff and offered for sale as the property of Mrs. Herndon and the trial court said by its judgment dissolving the restraining order or injunction that plaintiff had no interest in the property. We do not think this is a proper construction to be placed upon the judgment. The substance of the judgment is that the permanent injunction as asked for be denied and that the temporary restraining order heretofore issued by the court be discharged. The petition asked that the sheriff and the Shawnee National Bank be permanently enjoined from selling the said described real estate or any part thereof, and the judgment denies to the plaintiff the relief asked and leaves him in the same condition he was in at the time the action commenced. The judgment does not take anything from him that he possessed at the time he commenced his suit. It simply means that the testimony of the plaintiff was not sufficient to entitle him to the relief asked, and we think the evidence sustains the judgment and the same should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 18 C. J. pp. 299, 329; (2) 18 C. J. p. 299; (3) 32 C. J. p. 387.