## McGLOTHLIN et al. v. GARNER et al.

No. 18899. Opinion Filed July 9, 1929.

Rehearing Denied Dec. 10, 1929.

W. C. Austin, R. D. Miller, and Ragsdale & Brannon, for plaintiffs in error.

Ross Cox and B. C. Logsdon, for defendants in error.

FOSTER, C. This action is brought by Mary Kathryn McGlothlin, Levi W. McGlothlin, Jr., and Mattie E. McGlothlin, minors, by their mother and next friend, Mrs. Daisy McGlothlin, and by Mrs. Daisy McGlothlin in her own right, to cancel and set aside a deed given by John D. McGlothlin to 80 acres of land in Harmon county to the defendant Cordelia Garner, executed on the 13th day of November, 1918, and recorded on the ___ day of _____, 1919. The parties appear as in the court below, and will be so referred to.

The petition alleges, in substance, that Levi W. McGlothlin, in the year 1906, while yet a single man, was the owner of the land in question and by deed absolute in form conveyed the same to J. D. McGlothlin, his father; that the same was deeded as a home for Levi's mother and father during their lifetime only; that the mother died in 1917; that J. D. McGlothlin, the father, died in 1921, and Levi in 1924; that the minors, who are plaintiffs here, were the children of Levi and Daisy McGlothlin; Daisy and Levi having been married in 1907. After the death of Levi's mother, J. D. McGlothlin, his father, married the defendant, and that after the marriage the defendant by fraud, duress, and undue influence obtained a deed to the land in question from the said J. D. McGlothlin. The answer was in the form of a general denial.

The evidence at the trial disclosed that the relationship between the parties, the death of the parties, the date of the execution of the different instruments, and the different marriages were as set out in the petition; that before the marriage between J. D. McGlothlin and the defendant, the plaintiff Daisy McGlothlin and Levi McGlothlin had protested against the marriage, and that after the marriage the defendant told Daisy that "she had got J. D. into a place where she wanted him and made him make a deed." That the defendant had pursued J. D. McGlothlin prior to the marriage, and that the said J. D. McGlothlin had several times after his marriage to the defendant stated that "Levi gave me this for a home for me and his mother as long as we live." And in a conversation with a Dr. Lindsay, J. D. McG'othlin said that he wanted to make a will so the property would go to the children; that this was discussed in the presence of the defendant even after the purported deed was issued; that J. D. McGl'thlin had stated to Daisy and Levi, when the defendant was in an adjoining room, that he wanted Levi to allow his wife (the defendant) to have a home as long as she lived, as she never intended to marry again. Several other witnesses on behalf of the plaintiffs testified to statements of J. D. McGl'thlin indicating that the property was given to him by Levi for the use of himse'f and Levi's mother as long as they lived, and then to revert to Levi. There is also

ample evidence showing that Levi contributed largely and perhaps entirely supported his father and mother for many years prior to their death; that he was a very devoted son and demonstrated extraordinary love and affection for his parents.

The defendant testified that at the time of her marriage to J. D. McGlothlin she had some $5,000 in cash, and that, while she admitted she rather pursued J. D. McGlothlin, she took care of him, spent her own money in paying his bills, paid off with her own money at least a part of the mortgage, and paid a valuable consideration for the deed; that she had no notice or knowledge whatsoever of the purported trust, if one existed, and that she used no fraud or duress in obtaining the deed, but that the same was freely and voluntarily given. It appears that J. D. McGlothlin was crippled and in poor health for several years prior to his death.

The testimony of the defendant is in some respects conflicting. Her explanations as to the amount of money which she had at the time of the marriage, the amounts which she paid on the debts of J. D. McGlothlin, and the fact that she paid off the mortgage or part of it, are not entirely satisfactory. There is some evidence that the mortgage was paid off by the rents accruing from the farm, which the plaintiffs are entitled to if a trust existed.

The trial court entered a general judgment in favor of the defendants, from which plaintiffs prosecute this appeal, alleging several grounds for reversal, but in reality only one proposition is argued, as follows: That the judgment of the trial court is against the clear weight of the testimony.

It is first contended by the plaintiffs that, although the deed given by Levi to J. D. McGlothlin was absolute in form and purported to convey a fee-simple title to the land, and pursuant to section 5272, C. O. S. 1921, every such deed shall be deemed to convey an estate in fee simple, unless limited by express terms, this presumption may be overcome by proof showing a different interest, where bona fide purchasers have not intervened or any lien established on the land. Herndon v. Shawnee Nat. Bank, 105 Okla. 207, 232 Pac. 432. This general rule is followed by the decisions in this jurisdiction.

There is some discussion in the briefs as to whether or not the trust relied upon in this case is a constructive or resulting trust, it being the contention of the defendant that this is a constructive trust and that in order to establish it the measure of proof must be clear, unequivocal, and convincing. For a proper determination of this case, we do not deem it necessary to decide whether or not plaintiffs rely upon a constructive or resulting trust. Whether we apply the rule that parol evidence must be clear, satisfactory, and convincing, as held in Babcock v. Collison, 73 Okla. 232, 175 Pac. 762, Bernard v. McRay, 89 Okla. 1, 213 Pac. 82, and Miller v. Nanny, 91 Okla. 150, 216 Pac. 662, or the rule that a party contesting a deed may show a trust by making out his case by a preponderance of the evidence, as stated in Herndon v. Shawnee Nat. Bank, supra, the cause will not be disturbed on appeal unless the judgment of the trial court is against the clear weight of the testimony.

According to either rule, we are unable to say that the judgment in this case is against the clear weight of the testimony. There is considerable evidence tending to show that a trust existed, but, on the contrary, Levi did not depart this life until almost three years after his father, yet during all of that time he made no effort to get possession of the land, nor did he indicate he had any interest therein. The plaintiffs contend that this was the result of the request of his father that his stepmother (the defendant) be allowed to occupy the premises as a home as long as she lived. From the year 1908 to his death in 1924, Levi never, according to the record, asserted any ownership or interest personally in the land. This, together with the other circumstances in the case, would be sufficient to uphold the court's judgment in finding that no trust existed.

The judgment of the court is general, and we cannot say whether he found that no trust existed, or whether the defendant had no notice thereof. Even though a trust existed, we do not believe there is sufficient evidence to set aside the court's judgment in finding that the defendant had no notice thereof and bought the land in good faith and for value. On this point, as on the other, the testimony is conflicting, but we think it is sufficient to support the judgment of the lower court under the well-recognized rule in this state.

It therefore follows that the judgment should be, and is hereby affirmed.

BENNETT, TEEHEE, and LEACH, Commissioners, concur.

REID, Commissioner, concurs in result.

By the Court: It is so ordered.