### TINCH et al. v. STATE ex rel. SHULL, Bank Com'r.

No. 20517. Opinion Filed March 24, 1931.

R. E. Bowling, for plaintiffs in error.

Cicero I. Murray and Blanton, Osborn & Curtis, for defendant in error.

ANDREWS, J. As stated by the plaintiffs in error, "This case comes to this court from the district court of Garvin county upon the question as to when a writ of assistance will be granted."

It appears from the record that the Farmers Exchange Bank of Lindsay, Okla., filed a suit in the district court of Garvin county against F. A. Tinch, Rebecca Watkins, and others, for a money judgment and for foreclosure of a real estate mortgage securing the indebtedness evidenced by the note sued on. While the proceedings were pending, the bank was taken over by the State Bank Commissioner as an insolvent institution. Thereafter judgment was rendered and the real estate mortgage was sold under the foreclosure proceedings. A deficiency judgment resulted and an execution for the amount of the deficiency was issued and levied on real estate in the possession of the defendant Rebecca Watkins. The land was sold under execution and the sale was confirmed. Thereafter, and

prior to the time of the issuance of the sheriff's deed therefor, Rebecca Watkins died intestate and the land passed into the possession of her heirs, who, as shown by the record, are Mr. Lauderdale, Mrs. Tinch, Jeff Watkins, and Charley Watkins.. They asserted that Rebecca Watkins took only a life estate in the land. The purchaser of the land at the sheriff's sale never went into possession. The heirs of Rebecca Watkins and Robert Watkins, from whom Rebecca Watkins derived her title to the land, sued the purchaser of the land to remove the cloud cast thereon by the order confirming the sheriff's sale. Thereafter the purchaser of the land filed in the original cause, under the name of the plaintiff therein, an application for a writ of assistance. Thereafter F. A. Tinch, one of the defendants in the case and one of the judgment debtors, moved the court to strike from the files the application for the writ of assistance. A hearing was had and the writ of assistance was granted. From that order F. A. Tinch appealed to this court.

Inasmuch as the plaintiff in error is not shown by the record to have any interest in the property sold under execution, he cannot be interested in the question of whether or not the writ of assistance should issue. Since his interests are not affected by the order granting the writ of assistance or the writ, there is nothing from which he may appeal to this court.

The interest in the subject-matter of a litigation which will authorize an appeal from an order therein must be a direct and pecuniary interest in the subject-matter of the particular case. In re Assessment of Muskogee Gas & Electric Co., 83 Okla. 167, 201 Pac. 358; Brunson v. Lightfoot, '87 Okla. 202, 209 Pac. 922; In re Estate of Gray, 131 Okla. 189, 268 Pac. 194.

The judgment of the district court of Garvin county granting the writ of assistance is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL. and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent.