CLEARY PETROLEUM CORP.,
Appellant,

v.

William S. HARRISON and Edda Joanne
Harrison, Appellees.

CLEARY PETROLEUM CORP.,
Appellant,

v.

Bryan BERRY and Edrae Berry,
Appellees.

Nos. 52551, 52552.

Supreme Court of Oklahoma.

Dec. 16, 1980.

Monnet, Hayes, Bullis, Thompson & Edwards by Richard A. Grimes, Oklahoma City, for appellant, Cleary Petroleum Corp.

Smith & Wright by Gale F. Smith, Cheyenne, for appellees, William S. and Edda Joanne Harris and Bryan and Edrae Berry.

OPALA, Justice.

The issues to be dealt with on certiorari are: (1) Is a corporate oil-and-gas lessee "aggrieved" by a judgment which, while quieting its title to the leasehold, also declares its lessor's interest in the demised land to be but a right-of-way easement rather than a mineral estate or a fee? (2) Did the trial court correctly construe the deeds in question when it adjudged that they convey but an easement interest? (3) Was the quiet-title decree in favor of the fee claimants contrary to law?

We hold: (1) The trial court's decree reducing lessor's estate to a mere easement so derogates from lessee's quantum of interest in mineral leasehold as to give it the status of an aggrieved party. (2) By force of statutory presumption that every estate conveyed is to be deemed in fee simple unless expressly limited, the disputed instruments, because of an absence of contrary words, conveyed to lessor—as a matter of law—a fee simple. (3) Trial court's quiet-title decree in favor of fee claimants is contrary to law.

By two separate deeds predecessors-in-title of plaintiffs below [fee claimants or claimants] conveyed to the Board of County Commissioners [Board] certain strips of land in Roger Mills County. Decades later, the Board gave Cleary Petroleum Corporation [Lessee] an oil and gas lease in that land.[1] Claimants brought two suits against the Board and its lessee for reformation of the deeds to make them reflect that the instruments, as truly intended by the two parties, were but a grant of right-of-way easements. Judgment was rendered in favor of claimants. It confirmed in them the fee subject to lessee's oil-and-gas lease—not on reformation grounds—but rather on the court's view that the deeds must be construed as granting the Board a mere easement. The court then quieted in the Board an easement interest and in the lessee its leasehold estate. Lessee filed two separate appeals. The Court of Appeals dismissed both cases because, in its view, lessee was not aggrieved by the "favorable" decision below. We grant certiorari, hold both appeals maintainable and reverse the trial court.

I.

## LESSEE'S APPEALABLE INTEREST

One who is not aggrieved by a court's decision—however erroneous—may not bring an appeal from it.[2] Case law defines an "aggrieved party" as one whose pecuniary interest in the subject-matter is directly and injuriously affected or one whose right in property is either established or divested by the decision from which the appeal is prosecuted.[3] Generally, if the judgment sought to be reviewed does not, by its own force, operate to impose a burden or obligation, and it has no binding effect upon any right, interest, person or property of the appealing party, that appellant is not deemed aggrieved.[4] The effect of a judgment must be direct, substantial and immediate, rather than contingent on some future event.[5]

One can hardly conceive of anything *more* derogatory to a mineral lessee's title than a decree adjudging his lessor to have been without *any* mineral estate *of record* at the very time and since the leasehold came to be granted. This is, in essence, what happened to the lessee here. The trial court's judgment clearly and directly derogates from and impairs lessee's

---

1. Fee claimants also had executed leases which include a portion of the land in suit.

2. *Whitman v. Whitman*, Okl., 397 P.2d 664, 667 [1964]; *Grand Lodge of Oklahoma v. Webb*, Okl., 306 P.2d 340, 343 [1957]; *Love v. Wilson*, 181 Okl. 558, 75 P.2d 876, 878 [1938]; *Swan v. Home Savings and State Bank*, 148 Okl. 42, 297 P. 250, 251 [1931]; *Tinch v. State ex rel. Shull*, 148 Okl. 46, 297 P. 251, 252 [1931]; *Corley v. French*, 146 Okl. 29, 293 P. 177, 178 [1930].

3. *Sarkeys v. Ind. School Dist. # 40 Cleveland County*, Okl., 592 P.2d 529, 536 [1979]; *Steincamp v. Steincamp*, Okl., 593 P.2d 495, 497 [1979].

4. *Steincamp v. Steincamp*, supra note 3.

5. *Whitman v. Whitman*, supra note 2 at 668.

interest in its leasehold estate. An oil and gas lease is a presently vested interest.[6] By declaring the deeds to the lessor had conveyed to it merely an easement and not a full fee, the trial court, in effect, knocked down the very foundation upon which lessee must rest its rights. A fee holder has an interest sufficient in law to give a valid oil and gas lease.[7] A mere easement holder, on the other hand, who has neither a fee nor a mineral estate, does not possess the requisite quantum of interest to confer the cluster of rights comprised within an oil-and-gas lease.[8] When the trial court construed the deeds to convey mere easements, the lease became *eo instante* a worthless grant from one without a title. The consequent detriment to lessee's estate is a direct and immediate divestiture of a valuable property right. It hence confers on lessee standing to appeal as an aggrieved party.

Claimants argue that because the trial court did quiet lessee's title to its oil-and-gas lease, the lessee cannot be aggrieved. This is so because—claimants urge—when the suit came to be terminated lessee's quantum of interest was the very same as it was when the trial began. We cannot accede to this view.

 The only possible basis for the trial court's failure to disturb the lease was, no doubt, its view that lessee, as a bona fide purchaser for value and without notice of its lessor's deficient title, held free from the after-adjudged defect. Claimants' argument overlooks that the bona-fide-purchaser defense cannot apply here because the court determined lessee's grantor [Board] *never* had any muniment of interest to the minerals. According to the court's judg-ment, the defect appeared from the face of the two recorded instruments. The bona-fide-purchaser defense cannot create an interest whose existence is negatived by the record.[9] The doctrine protects against unknown claims that may not be discovered from the record—not those of which the purchaser has constructive notice. If the trial court's quiet-title decree in favor of claimants is correct, lessee was charged with notice of lessor's defect in title. The deeds were on record. If they in fact did, on their face, appear to convey but an easement, lessee most certainly had record notice of lessor's deficient estate.[10] In short, lessee cannot occupy the status of a bona-fide-purchaser. Moreover, even if lessee had been correctly clothed with the protection of a bona-fide purchaser, it is nonetheless highly doubtful if this court-conferred status could be passed to lessee's alienees. They might be chargeable with record notice of the very defect in the Board's claim to the demised mineral which was adjudged to be fatal in the quiet-title decree. It is hence clear that the so-called "favorable" part of the trial court's quiet-title decree fails to leave lessee's mineral leasehold free from a serious cloud upon its alienability. The essential *fragility* of lessee's status and the *clouded alienability* of its interest—both of these phenomena clearly apparent from an even casual examination of the record—make the leasehold vulnerable to continued litigation over rights that remain uncertain. The precarious legal condition of the leasehold estate, brought about by the termination of the suit under review, is sufficient in itself to confer upon lessee standing on appeal as an "aggrieved party."

---

**6.** *Rich v. Doneghey*, 71 Okl. 204, 177 P. 86, 89 [1918]; 2 Kuntz, Oil and Gas § 23.23 [1964].

**7.** This power of the fee holder is, of course, subject to statutes and ordinances to prevent waste and to protect owners of the common supply. 1A and 2 Summers, The Law of Oil and Gas, §§ 131 and 211 [2d ed. 1954]. See 60 O.S. 1971 § 64.

**8.** *Hinds v. Phillips Petroleum Co.*, Okl., 591 P.2d 697 [1979]; 2 Kuntz, Oil and Gas §§ 20, 20.10 [1964]; 2 Thompson, Real Property § 316 [1980].

**9.** *Bradbury v. Green*, 207 Okl. 586, 251 P.2d 807, 809 [1952]; *Noble v. Kahn*, 206 Okl. 13, 240 P.2d 757, 759 [1952].

**10.** *Barker v. British American Oil Producing Co.*, 208 Okl. 426, 256 P.2d 807, 809 [1953]; *Davis v. Lewis*, 187 Okl. 91, 100 P.2d 994, 997 [1940]; *Ehret v. Price*, 122 Okl. 277, 254 P. 748, 752 [1927].

## II.

### THE QUANTUM OF INTEREST CONVEYED TO THE BOARD BY THE DEEDS UNDER CONSTRUCTION

There is a statutory presumption that every estate in land granted by a deed shall be deemed an estate in fee simple unless limited by express words.[11] The purpose of construing an instrument is to divine from its text the intent of the parties. Unless there is an ambiguity, that intent must be gathered solely from the four corners of the instrument.[12] Both deeds here under construction, although not identical, contain similar words by which they grant all of the described property. This is followed by a statement of purpose which is said to be an exchange of "one right of way for another."[13] Neither instrument contains any express words that limit the statutorily presumed fee conveyance. Although the purpose of the deeds is disclosed, words by which it is declared will not, without more, suffice to limit the estate granted.[14] In the case at bar, nothing more is revealed. On their face and on the face of the record before us, the deeds in dispute clearly convey to the Board a fee estate— not mere easements. We so hold.

Claimants contend much of the authority for this conclusion rests on cases involving railroads. They would have us draw a distinction which we cannot do. Although some of the cases involving railroads address issues peculiar to them,[15] the basic

---

11. 16 O.S. 1971 § 29 provides: "Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."
Lessee's claim is based on its lessor's power to pass a right to extract oil and gas, which in turn is founded on the conveyances to the lessor in 1910 and 1938. The terms of 16 O.S. 1971 § 29 were then in force. They were originally enacted in 1897, Okla.Sess. L. 1897, Ch. 8, § 30.

12. *St. Louis-San Francisco Railway Co. v. Humphrey*, Okl., 446 P.2d 271, 275 [1968]; *Cruzan v. Missouri-Kansas-Texas Railroad Co.*, Okl., 303 P.2d 313, 315 [1956]; *Midland Valley Railroad Co. v. Arrow Industrial Mfg. Co.*, Okl., 297 P.2d 410, 411 [1956]; *Higgins v. Oklahoma City*, 191 Okl. 16, 127 P.2d 845, 848 [1937]; *Marland v. Gillespie*, 168 Okl. 376, 33 P.2d 207, 212 [1934]; *Choctaw and Chickasaw Nations v. Board of County Comm. of Love County*, 361 F.2d 932, 934 [10th Cir. 1966].

13. (A) Claimants/Harrisons' predecessors-in-title conveyed to the Board *by a warranty deed* which provides in pertinent part: ". . . in consideration of the sum of one dollar and the section line between sections 6 and 7 [description follows] the receipt of which is hereby acknowledged, [claimants' predecessors] do by these presents grant, bargain, sell and convey unto the [Board], their heirs, and assigns, all of the following described real estate, situated in the County of Roger Mills [description follows]. This is the north boundary of a strip deeded to the County for a public highway. *The section lines mentioned above is given in lieu thereof.* [Emphasis added]
To have and to hold the same, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining forever.

And [claimants' predecessors] do hereby covenant . . . that at delivery of these presents they are lawfully seized in their own right of an absolute and indefeasible estate of inheritance, in fee simple, . . . that the same are free, clear, discharged and unincumbered . . . and that they will warrant and forever defend the same . . ."
(B) The Claimants/Berrys' predecessor in title conveyed with *a quit claim deed* which provides in pertinent part: ". . . in consideration of the closing and condemning the section line hereinafter set forth, the receipt of which is hereby acknowledged, does hereby quit claim, grant, bargain, sell and convey unto the [Board] and to its heirs and assigns forever, all his right, title, interest and estate, both at law and in equity, of, in, and to the following described real estate . . .: a strip of land . . ., *the purpose of this deed being to exchange one right of way for another.*
Together with all and singular the hereditaments and appurtenances thereto belonging. To have and to hold the above granted premises unto the [Board] its successors and assigns forever." [Emphasis added].

14. *Cruzan v. Missouri-Kansas-Texas Railroad Co.*, supra note 12 at 316; *Midland Valley Railroad Co. v. Arrow Industrial Mfg. Co.*, supra note 12 at 412; *Lindauer v. Hill*, Okl., 262 P.2d 697, 699 [1953]; *Higgins v. Oklahoma City*, supra note 12; *Marland v. Gillespie*, supra note 12. *Choctaw and Chickasaw Nations v. Board of County Commissioners of Love County*, supra note 12; *Boylan v. Lillard*, 174 F.2d 572, 574 [10th Cir. 1949].

15. See *Marland v. Gillespie*, supra note 12 at 209; *Choctaw and Chickasaw Nations v. Board of County Commissioners of Love County*, supra note 12; *Lindauer v. Hill*, supra note 14.

rules for construction of deeds announced in those cases are of universal application and cannot be altered here.

Claimants next urge that the trial court correctly applied to this case the rule that written portions of an instrument control over conflicting printed portions.[16] This principle is inapplicable here. In the case at bar there is no variance between any written or typed-in portions and those which are printed. The only written portions possibly in conflict with the printed words are in the statements describing the purpose of the deeds. These, however, for the reasons stated earlier, do not serve to diminish the fee estate conveyed.

### III.

THE TRIAL COURT'S DECREE IS UNSUPPORTED BY THE RECORD .

■■■ These actions were brought in equity for reformation of deeds. The traditional standard of review in equity suits charges this court with the responsibility to examine the entire record to determine whether the decree is against the clear weight of the evidence or contrary to law.[17] Claimants could not prevail on a theory of reformation. That theory requires a plaintiff to show (a) some antecedent agreement to the terms of which the instrument should be reformed, (b) mutual mistake or mistake on part of one and fraud or inequitable

conduct on part of the other, as a result of which the instrument reflects something neither party had intended and (c) proof of these elements by *clear and convincing evidence*.[18] The trial court doubtless recognized—and the record clearly bears it out— that claimants utterly failed to present *any* evidence to sustain the heavy burden required for a reformation decree.

■■■ The law did not, of course, limit the trial court to reformation—the precise equitable theory advanced in the petition. It was utterly free to administer complete relief on the issues formed by the evidence, even if these issues were not raised in the pleadings.[19] Upon review of the record, there is here no evidentiary basis for the relief sought by claimants. The deeds, when construed in the light of 16 O.S.1971 § 29, are presumed to have passed a fee simple title. The burden was on the party contesting this presumption to prove otherwise.[20] The record is devoid of any proof rebutting the § 29 presumption.[21] The judgment rendered is hence contrary to law.

Claimants urge that each conveyance was part of a like-kind exchange by which the Board transferred to a private individual its right-of-way easement for an identical interest in another tract. They assert the Board's own interest that was conveyed away in the transaction was derived directly through the Organic Act.[22] By that act

16. *McVey v. Hines*, Okl., 385 P.2d 432, 434 [1963].

17. *Sinclair Oil and Gas Co. v. Bishop*, Okl., 441 P.2d 436, 448 [1968]; *Murdock v. Loeffelholz*, Okl., 421 P.2d 236, 237 [1966]; *Barker v. British American Oil Producing Co.*, supra note 10; *Watkins v. McComber*, 208 Okl. 352, 256 P.2d 158, 162 [1953]; *Welch v. Ruby*, 200 Okl. 586, 198 P.2d 432, 436 [1948].

18. *Boettler v. Rothmire*, Okl., 442 P.2d 511, 514–515 [1968]; *Dennis v. American-First Title and Trust Co.*, Okl., 405 P.2d 993, 997 [1965]; *Lincoln v. Wells*, Okl., 350 P.2d 589, 591 [1960]; *Welch v. Ruby*, supra note 17.

19. *Watkins v. McComber*, supra note 17; *Welch v. Ruby*, supra note 17 at 436.

20. *Gaines Bros. Co. v. Gaines*, 176 Okl. 576, 56 P.2d 869, 872 [1936].

21. See, Note, Oil and Gas: Conveyances To Railroads As Including Minerals, 11 Okla.L. Rev. 219, 224 [1958]; *Jennings v. Amerada Petroleum Corp.*, 179 Okl. 561, 66 P.2d 1069, 1071 [1937] (Before parol evidence of intention may be admitted, uncertainty or ambiguity in the language of a deed must be present); *McGlothlin v. Garner*, 140 Okl. 227, 282 P. 617, 618 [1929] (where rights of bona fide, innocent purchasers have not intervened, oral proof showing a different interest than that expressed on the face of an instrument may overcome the statutory presumption).

22. The Act of May 2, 1890, ch. 182 § 23, 26 Stat. 92 provides in pertinent part: "That there shall be reserved public highways four rods wide between each section of land in said Territory, the section lines being the center of said highways, . . . But if the said highway shall be vacated by any competent authority, the title to

only a roadway easement along section lines had passed to the State of Oklahoma. In a like-kind exchange, which claimants assert had occurred here, the Board is said to have received from others only that which it was able to convey—an easement estate. We cannot agree.

*Nothing* in either deed indicates that the exchange of interests effected by the parties and the *quid pro quo* intended by them stood confined to a barter of one easement for another. Since in this case we are limited by law to the four corners of the deeds in dispute, we cannot rest our construction on speculation about facts which are both *dehors* the instruments and *dehors* the record before us.[23] The trial court's decree quieting in claimants their title to the fee is hence contrary to law.

Since the Board did not appeal, judgment against it may not be disturbed.[24] The fee estate of claimants shall stand burdened by lessee's leasehold. With respect to the leasehold—whether in the hands of lessee or its successors in interest—the quiet-title decree in claimants' favor shall have no greater effect than a mineral estate conveyance made by the Board to those claimants the day judgment was rendered for them in the trial court. On remand, the trial court shall modify its decree to make it conform to the views expressed in this opinion.

Opinions of the Court of Appeals are vacated and the trial court's judgments reversed.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

WILLIAMS, J., dissents.

---

the respective strips shall inure to the then owner of the tract of which it formed a part of the original survey."

**23.** *Bryan v. Everett*, Okl., 365 P.2d 146, 148 [1961].

**24.** *May v. May*, Okl., 596 P.2d 536, 540 [1979]; *Woolfolk v. Semrod*, Okl., 351 P.2d 742, 745 [1960].