CRAWFORD *v.* BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DISTRICT.

Opinion delivered July 9, 1906.

1. REAL ESTATE—CONVEYANCE BY LIFE TENANT—RIGHT OF REMAINDERMAN TO COMPLAIN.—Where a life estate in lands was devised to the devisor's widow for life with remainder to trustees for the use of devisor's heirs, and the widow conveyed a right of way through the lands for a levee, neither the trustees nor the *cestuis que use,* as holders of the remainder interest, can demand a cancellation of the conveyance by the life tenant, as the same does not affect their rights. (Page 608.)

2. LEVEE—TAKING LAND WITHOUT COMPENSATION—REMEDY.—After a public levee has been built, the only remedy of remaindermen whose lands have been taken without compensation would be to recover damages for the taking and injury. (Page 608.)

Appeal from Lee Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*W. A. Compton,* for appellants; *Carroll & McKellar,* of counsel.

Mrs. Taylor executed the deed, relying upon the assurance that the levee would be constructed so as to protect her plantation, and was justified in relying on the representation. 2 Pomeroy's Eq. Jur. (2 Ed.), § 876; 47 Ark. 335; 1 S. W. 610. Having con-

structed the levee so as to practically destroy the plantation, there was a total failure of consideration. Whether the case is viewed as one where no consideration passed to support the deed, or where the consideration failed, or execution procured through misrepresentation of a material fact, in either case plaintiffs are entitled to relief. 14 Mass. 282; 37 Miss. 671; 30 Ark. 687; 57 Wis. 460. Under the circumstances, and in view of the fact that appellants have received no compensation for the lands appropriated nor damages for the construction of the levee through the plantation, it amounts to the taking of private property for public use without just compensation, and appellants are entitled to a decree for compensation. 113 Tenn. 92; 13 Wall. 166; 188 U. S. 445. And their remedy is in chancery. Eden on Injunctions, 1; 1 Maddox, Chan. Prac. 106; 2 Story's Eq. Jur. § § 872-926; 6 Paige, 83; 12 Jur. N. S. 873: 7 Heisk. (Tenn.), 544; Lewis, Em. Dom. § 625a; 120 N. Y. 132.

*H. F. Roleson,* for appellee.

If Mrs. Taylor is only a life tenant, her deed conveys nothing more than such right as a life tenant can convey. If her deed was void, the remedy at law was plain, but no remedy in equity existed at the suit of contingent remaindermen to annul it. The remedy for damages was exclusive. Kirby's Digest, § 2903; 69 Ark. 104.

McCULLOCH, J. Julius A. Taylor, of Memphis, Tenn., owned a large plantation fronting on the Mississippi River, in Lee County, Arkansas, and, by his last will and testament devised it to his widow, Louise C. Taylor, during her life or widowhood, with power to dispose of same by last will, but with remainder over, in the event of her marriage or death intestate, to the children of said testator. Certain trustees were named in the will to hold the title to the property and manage the same in the event that the widow should die intestate or marry. Mrs. Taylor executed to the Board of Directors of St. Francis Levee District a deed for a nominal consideration, conveying a right of way through said plantation for a levee, and the levee was duly constructed.

W. J. Crawford and W. H. Carroll, the trustees under the will of Julius A. Taylor, instituted this suit in equity against said

board of directors to cancel said conveyance executed by Mrs. Taylor, and to recover damages caused by the construction of the levee through said plantation. They allege and undertake to prove that said conveyance was executed by Mrs. Taylor upon the representations made by certain officers of the board of directors to the effect that the levee would be constructed straight down the bank of the river, thus affording protection to said plantation against overflow; that it was not so constructed near the bank of the river, leaving the greater part of the land in cultivation in front of the levee and unprotected. They allege and prove that about 85 acres of valuable land on the plantation were taken and used in the construction of the levee, and that the remaining lands were greatly damaged. Mrs. Taylor was not a party to the suit.

The chancellor dismissed the complaint for want of equity, and the plaintiffs appealed.

There is no equity in the complaint, and the chancellor properly dismissed it.

Neither the trustees nor *cestuis que use,* as holders of the interest in remainder, can demand a cancellation of the conveyance executed by the life tenant, as the same does not affect their rights. They might have prevented the taking and damage to the land without compensation for their interest, but the levee has been built by the board of directors, and their only remedy would be to recover damages for the taking and injury. The execution of the conveyance did not cut off that right, and the remedy at law is complete and adequate.

Judgment affirmed.