### BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DIST. v. BROWN et al.
### No. 10832.

Circuit Court of Appeals, Eighth Circuit.
June 24, 1937.

S. H. Mann, Burk Mann, and Mann & Mann, all of Forrest City, Ark., for appellant.

Marion G. Evans, of Memphis, Tenn., and J. B. Daggett and C. E. Daggett, both of Marianna, Ark., for appellees.

Before GARDNER, WOODROUGH, and BOOTH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal by the Board of Directors of the St. Francis Levee District from a judgment entered by the trial court in a law action, jury having been waived, awarding damages in the amount of $3,600 to the children and devisees under the will of Julius A. Taylor, and devisees named in the will of Louisa Crawford Taylor, his wife.

It appears from the record that Julius A. Taylor died testate shortly prior to August 20, 1895, the then owner of certain lands situate in Lee county, Ark. The provisions of his will, pertinent to the case at bar, are as follows:

"Item 4. All the residue of my estate, real, personal and mixed, I give to my dear wife Louisa Crawford Taylor, while she remains unmarried, said residue to include * * * and all other property, real, personal and mixed of which I may be possessed, and said residue I give to my wife absolutely during her widowhood and with power only to dispose of same or any part thereof by her last will and testament, she remaining unmarried. But in the event she should marry after my death then my entire estate is to vest in my Executors hereinafter named as Trustees and Testamentary Guardians for my children, to be held by them and managed so that out of the income of my estate my children may be educated and maintained. In the event my wife should die unmarried my widow not having disposed of the Estate herein devised and bequeathed to her during her widowhood, then said estate is to be divided between all my children, so as to make Maggie Ruffin Taylor's share equal to the share of each of the others, charging them each with one-fourth of the amount collected upon a policy on my life in the Connecticut Mutual Life Insurance Company. Should my wife die

without making a last will and testament unmarried, then my estate shall be managed by my executors hereinafter named, during the minority of my children, and shall be divided as each child attains his or her majority, giving to that child a distributive share thereof. Should any of my children die leaving issue, then the descendants of such deceased child shall be entitled to the share of the parent. * * *

"Item 6. It is my wish that my children live with and be dutiful and obedient to my dear wife, Louisa Crawford Taylor, and having in her the most implicit confidence and satisfied after I am dead she will be the mother of my motherless children, she has always been, I give her during her widowhood the absolute control and disposal of the income of all the property which I own at my death and the power to dispose of all of said property by her last will and testament, if she dies my widow, as she sees fit."

A codicil dated January 25, 1887, provided as follows: "It is my intention that my wife be the absolute owner, during widowhood of all property I may leave, giving her full power to dispose of it as she sees fit by will, should she die my widow."

The widow took under the terms of the will and on May 6, 1899, executed and delivered to the Board of Directors of the Levee District a deed purporting to convey title to land for a right of way across certain of the lands devised by her husband. Subsequent to the death of the widow the children of Julius A. Taylor brought this action at law to recover damages for the taking of the property by the Board of Directors of the Levee District, claiming that, as the widow had no more than a life estate in the property, her purported deed could convey no more than such life estate to the levee district. The court below held that the widow could give no more than an estate which terminated upon her death, and the ultimate question on appeal is whether under the will of Julius A. Taylor his widow could convey absolute title by deed.

■ In construing a will, the testator's intention must be determined from a consideration of the instrument as a whole, and technical rules of construction should not be resorted to where the application of such rules defeats the manifest intention of the testator.

■ It is apparent from an examination that the will of Julius A. Taylor contains words and phrases which, standing alone, would indicate an intention to bestow absolute title in the widow. However, such phrases are invariably modified by what follows, and the will, as an entirety, clearly indicates the intention of the testator to not only provide for his wife during her life, but also to provide for his children, some of whom were minors.

In 1906, prior to the death of Louisa Crawford Taylor, the Supreme Court of Arkansas had the will of Julius A. Taylor under consideration in the case of Crawford et al. v. Board of Directors of the St. Francis Levee District, 79 Ark. 606, 96 S.W. 143. In that case the trustees, named in the will to hold the title to the property and manage the same in the event that the widow should die intestate or marry, instituted a suit in equity against the Board of Directors of the Levee District to cancel the conveyance of the right of way and to recover damages caused by the construction of the levee across the land. The chancellor dismissed the suit for want of equity and the trustees appealed to the Supreme Court of Arkansas. In the statement of the case the Supreme Court says: "Julius A. Taylor, * * * by his last will and testament devised it [the property here involved] to his widow, Louise C. Taylor, *during her life or widowhood, with power to dispose of same by last will, but with remainder over, in the event of her marriage or death intestate, to the children of said testator.*" The Supreme Court dismissed the bill for want of equity, holding: "Neither the trustees nor cestuis que use, *as holders of the interest in remainder,* can demand a cancellation of the conveyance *executed by the life tenant,* as the same does not affect their rights."

■ As this will in question affects the title to real estate situated in the State of Arkansas, its construction must be under the laws of Arkansas. The Supreme Court of Arkansas in the Crawford Case, supra, might have decided the issue before it without construing the will of Julius A. Taylor. However, having placed its construction on the will, even though our study might have led us to a different conclusion, we could scarcely overrule that construction. Blair v. Commissioner of Internal Revenue, 57 S.Ct. 330, 81 L.Ed. ——; O'Neil v. Dreier et al. (C.C.A.9) 61 F.(2d) 598;

Wells v. Brown et al. (C.C.A.8) 255 F. 852; Lucas v. McNeill (C.C.A.8) 231 F. 672; In re Elletson Co. (D.C.) 174 F. 859.

The trial court rightly decided the issues, and the judgment is affirmed.